DAN SIEGEL, SBN 56400
Email: danmsiegel@gmail.com
JANE BRUNNER, SBN 135422
Email: janebrunner@hotmail.com
EMILYROSE JOHNS, SBN 294319
Email: emilyrose@siegelyee.com
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA 94612
Telephone: (510) 839-1200

ELIZABETH KRISTEN, SBN 218227
Email: ekristen@legalaidatwork.org
KIM TURNER, SBN 277520
Email: kturner@legalaidatwork.org
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA  94104
Telephone: (415) 864-8848

Attorneys for Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.S. by and through their next friend JEREMIE STRUTHERS; J.M.B. and J.E.B., by and through their next friend JAMES BRANDT; and E.A., by and through her next friend HAZEL BRANDT on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** <br><br> (Civil Rights) <br><br> Demand for Jury Trial |

Plaintiffs T.S., by and through her next friend JERAMIE STRUTHERS, J.M.B., J.E.B., by and through their next friend JAMES BRANDT, and E. A., by and through her next friend HAZEL BRANDT, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") bring this complaint against Defendant RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT ("Defendant"), as follows:

## PRELIMINARY STATEMENT

1.      This action seeks to remedy Defendant's ongoing Title IX violations. Title IX of the Education Amendments of 1972 ("Title IX") was enacted to provide girls and women with a civil rights tool to combat gender inequities rife throughout the public education system. Despite that Title IX has been in effect for nearly 45 years, enforcement actions like this unfortunately are still necessary. Plaintiffs, along with many more girls like them who attend Red Bluff High School ("RBHS"), have been forced to bring this Title IX action to gain equal access to and experience with sports opportunities and benefits on par with their male RBHS student counterparts. Defendant administers an athletics program at RBHS that engages in local, regional, and statewide interscholastic competition. Indeed, program participants go on to compete at the intercollegiate level. Yet, RBHS's program affords more athletic participation opportunities to RBHS male students while treating and benefitting RBHS male athletes better than RBHS female athletes. RBHS's female students are being denied a level "playing field" due to the discriminatory actions and inaction of Defendant.

## NATURE OF THIS ACTION

2.      Plaintiffs bring this action for relief from Defendant's violations of Plaintiffs' civil rights. These violations include discrimination on the basis of sex in violation of Title IX.

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

3.    Plaintiffs seek equitable relief, including declaratory and injunctive relief, plus attorneys' fees and costs, for Defendant's violations of Plaintiffs' civil rights.

### JURISDICTION

4.    This action arises under Title IX of the Education Amendments of 1972 (20 U.S.C. §§1681, *et seq*.) and its interpreting regulations.

### VENUE

5.    Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the events giving rise to Plaintiffs' claims occurred in this District and Defendant is located in the Eastern District of California.

### PARTIES

6.    T.S. is a student in the ninth grade at Red Bluff High School who plays on the freshman girls' basketball team. J.M.B. is a student in the twelfth grade at Red Bluff High School and a member of the girls' varsity swim team and the track team. J.E.B. is a student in the ninth grade at Red Bluff High School who participates on the girls' track and swim teams. E.A. is a student in the ninth grade at Red Bluff High School who plays on the girls' junior varsity soccer team. Plaintiffs bring this action to remedy Defendant's unlawful sex discrimination against present and future female students.

7.    At all times relevant to this controversy, plaintiff T.S., age 14, is a ninth grade student at Red Bluff High School who plays on the girls' basketball team. Being a minor, T.S. is represented by her father and next friend Jeramie Struthers.

8.    At all times relevant to this controversy, plaintiff J.M.B., age 17, is a twelfth grade student at Red Bluff High School and a member of the girls' track team. Being a minor, J.M.B is represented by her father and next friend James Brandt.

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

9.      At all times relevant to this controversy, plaintiff J.E.B., age 14, is a ninth grade student at Red Bluff High School is a member of girls' track team. In junior high school, J.E.B. played volleyball and basketball. Being a minor, J.E.B is represented by her father and next friend James Brandt.

10.     At all times relevant to this controversy, plaintiff E.A., age 14, is a ninth grade student at Red Bluff High School and a member of the girls' junior varsity soccer team. E.A. has played soccer for approximately the last ten years. She played in recreational teams since she was five years old, and for the last two years she has played competitively on a traveling team. In junior high school, E.A. played soccer. Being a minor, E.A. is represented by her mother and next friend Hazel Brandt.

11.     At all times relevant to this controversy, Defendant Red Bluff Joint Union High School District ("District") is and was a public school district. The District governs and operates the Red Bluff High School, a public high school located in Tehama County, California, which receives federal funding and is therefore subject to the requirements of Title IX pursuant to 20 U.S.C. § 1687.

12.     Defendant is a recipient of federal financial assistance and must comply with Title IX.

## CLASS ACTION ALLEGATIONS

13.     The named individual Plaintiffs bring this action on behalf of themselves and on behalf of a class of all those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

### Definition

14.     Plaintiffs seek to represent a class of all present and future Red Bluff High School

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

female students and potential students who participate, seek to participate, and/or are or were deterred from participating in athletics at Red Bluff High School.

**Numerosity**

15.     The class is so numerous that joinder of all members is impractical.

16.     Plaintiffs are informed and believe, and based thereon allege, that in the 2015-16 school year, the latest time period during which information is publicly available, there were 681 female students in grades 9-12 at Red Bluff High School and 237 female students in the athletics program. It is unknown how many additional current female students or how many additional future female students would seek to participate in interscholastic athletics if additional opportunities were available. Moreover, members of the class who may suffer future injury are not capable of being identified at this time, as the class includes future Red Bluff High School female athletes.

**Common Questions of Law and Fact**

17.     Common questions of law and fact predominate, and include: (a) whether female student athletes at Red Bluff High School are receiving unequal treatment and benefits in comparison to the male student athletes; (b) whether female students at Red Bluff High School are being deprived of equal opportunities to participate in sports; and (c) whether female student athletes at Red Bluff High School are being retaliated against because of complaints about sex discrimination in athletics.

**Typicality**

18.     The claims of the named Plaintiffs are typical of the claims of the class. The types of discrimination and retaliation which Plaintiffs have suffered as a result of sex include: receipt of unequal treatment and benefits in Red Bluff High School's sports program in addition to

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

exclusion from opportunities to participate in sports programs at Red Bluff High School, and are typical of the sex discrimination and retaliation which members of the class have suffered, are suffering, and, unless this Court grants relief, will continue to suffer.

19.     T.S. is a member of the proposed class in that she is a current female student athlete at Red Bluff High School for the 2016-17 school year who is subject to discriminatory unequal participation opportunities due to Defendant's failure to accommodate female students' athletic interests and abilities as well as in the unequal treatment and benefits that Defendant provides female student athletes. Defendant has subjected T.S. to sex-based discrimination, and related retaliation.

20.     J.M.B. is a member of the proposed class in that she is a current female student athlete at Red Bluff High School in the 2016-17 school year who is subject to discriminatory unequal participation opportunities due to Defendant's failure to accommodate female students' athletic interests and abilities as well as the unequal treatment and benefits that Defendant provides female student athletes. Defendant has subjected J.M.B. to sex-based discrimination, and related retaliation.

21.     J.E.B. is a member of the proposed class in that she is a new and incoming female student athlete at Red Bluff High School for the 2016-17 school year who is subject to discriminatory unequal participation opportunities due to Defendant's failure to accommodate female students' athletic interests and abilities as well as the unequal treatment and benefits that Defendant provides female student athletes. Defendant has subjected J.E.B. to sex-based discrimination, and related retaliation.

22.     E.A. is a member of the proposed class in that she is a current female student athlete at Red Bluff High School for the 2016-17 school year who is subject to discriminatory

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

unequal participation opportunities due to Defendant's failure to accommodate female students' athletic interests and abilities as well as in the unequal treatment and benefits that Defendant provides female student athletes. Defendant has subjected E.A. to sex-based discrimination, and related retaliation.

## Adequacy of Representation

23.    The named Plaintiffs are members of the proposed class and will fairly and adequately represent and protect the interests of the class. Plaintiffs intend to prosecute this action rigorously in order to secure remedies for the entire class. Counsel of record for Plaintiffs are experienced in state and federal civil rights litigation and class actions, including Title IX class action litigation.

## Injunctive and Declaratory Relief

24.    Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole under Federal Rules of Civil Procedure Rule 23(b)(2).

## STATEMENT OF FACTS

25.    Red Bluff High School is a four-year public high school matriculating approximately 1,306 students (as of the 2015-16 school year, when public data was last made available as to both enrollment and athletics). There are 237 female athletes and 384 male athletes. The girls' athletic offerings are volleyball, tennis, golf, soccer, softball, and basketball. The boys' athletic offerings are football, tennis, golf, soccer, baseball, and basketball. The co-ed teams are alpine racing/snowboarding, cross country, wrestling, swimming, and track and field.

### Failure to Effectively Accommodate Female Students' Interests and Abilities

26.    Girls represent 52% of the student body at RBHS while boys represent 48% of the

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

student body. However, only 38% of the athletic participation slots at RBHS are afforded to girls. Thus, there exists a 14% participation gap between female athletic participation and female student body enrollment and 181 female athletes should be added to meet prong one of Title IX's three-part test (substantial proportionality).

27.     Defendant does not have a history and continuing practice of expanding athletic programs for girls at RBHS.

28.      Defendant will not establish that it has responded to RBHS girls' interest in playing sports in greater numbers.

### Sex-Based Discrimination in Athletic Treatment and Benefits

29.     Defendant failed to provide equitable athletic treatment and benefits at Red Bluff High School as to female students in comparison to male students.

30.     Defendant failed to provide an effective system for Title IX implementation and compliance.

### Provision of Locker Rooms, Practice, and Competitive Facilities

#### Softball and Baseball

31.     The provision locker rooms, practice, and competitive facilities is inequitable between female and male athletes at RBHS.

32.     The girls' softball program's facilities are unequal to the boys' baseball program's facilities.

33.     The girls' softball field is in terrible condition, with many holes that pose a danger to the female athletes in comparison to the well-maintained boys' baseball field.

34.     The boys' baseball team has a state-of-the-art field for practice and competition.

35.     If it is raining, girls' softball must have batting practice in the gym, sharing it with

the track and field program. The girls cannot hit softballs in the gym, so they have to use whiffle balls off of a tee. The girls' softball program made repeated requests to the District to use the boys' batting cages when the boys were not using them. They were denied each time. The girls do not have batting cages with a roof or a facility in which to practice softball when it rains.

36.     The boys' baseball program has batting cages in a metal building with a roof. The boys use the batting cages for indoor baseball practice when it rains.

37.     The girls' softball program dugouts are comprised of a cement slab with Cyclone fencing, a single bench, and a plywood roof. The dugouts are not enclosed, and do not protect the female players from the rain.

38.     The boys' baseball program has dugouts that are approximately three times the size of the girls' softball dugouts, and the boys' dugouts are enclosed with a roof protecting the male players from the weather elements.

39.     The girls' softball program lacks a sound system.

40.     The girls' softball program does not have a covered area for their scorekeeper, and if it is raining, the girls need a person to hold an umbrella over the scorekeeper.

41.     The boys' baseball program  has a covered booth behind home plate for the scorekeepers and the announcer.

42.     The boys' baseball program has a sound system that permits them to announce each play and score, the name of the player, and the player's favorite song when they are at bat.

43.     The girls' regular restroom is a long distance from the softball field, approximately 300 yards away. The girls asked for portable toilets in 2016, and the District refused. In contrast, the boys' restroom is close to the baseball field.

44.     The women's bathroom closest to the gyms is locked during practice hours.

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

Parents and girls have to use the men's bathroom and have encountered men using the urinals while having to use the bathroom.

*Basketball*

45.     The athletic facilities available to boys' and girls' basketball players are unequal.

46.     The girls' basketball team does not have its own storage space. The basketballs and equipment are in the entrance to the boys' locker room. To get the equipment, a female has to enter the boys' locker room.

47.     In fall 2013, the girls' teams complained about this storage issue, and the District moved the equipment to the custodian's closet. However, the District did not provide the girls' team with all of the keys necessary to retrieve their balls. Therefore, the girls' team could not access their equipment and were forced to move their equipment back to the boys' locker room.

48.     Defendant affords the boys adequate storage areas for athletic teams' usage.

49.     Since 2005, the boys' basketball program has had access to an open gym on Sundays. In 2016, the girls' basketball program asked permission to use the open gym on Sundays. After this request, the District refused to let the girls use the gym on Sundays and told the girls' coaches that no one would be able to use the gym on Sundays going forward. However, the boys are still playing on Sundays in the gym.

50.     Former Girls' Varsity Basketball Coach Kathy Brandt, in her capacity as coach and parent, made complaints about inequities she noticed between the boys' basketball team and the girls' basketball team.

51.     In 2009, Coach Brandt complained to Rich Hassay, former Athletic Director, that the girls' basketball program did not have a pre- and post-game team room. Without those rooms, the program could not discuss game strategy and provide feedback from the night's

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

game. Mr. Hassay suggested that the girls use the boys' team room.

52.      In December 2010, the girls' varsity basketball team used the boys' team room for a holiday tournament. During the team meeting, Joe Gallaty, coach for the boys' baseball team, came in and slowly walked through the room toward his office, looking at all the girls and the white board, and then slowly opened the door to his office. When Coach Brandt requested that he hurry up because his actions were disruptive, he declined to do so and commented that the facility was a boys' room.

53.      After the meeting, Coach Brandt went to Mr. Hassey and complained that her team was treated poorly and disrespected by Mr. Gallaty. Mr. Hassey responded that the girls should not use the boys' team room anymore and should instead use the weight room as their team room. Coach Brandt protested and explained that there was no white board and no seats in the weight room. Mr. Hassey disregarded her concern.

54.      The varsity girls' basketball team used the weight room for its team meetings from January 2011 to the present. They are forced to sit on the weight room equipment during team meetings. The wheeled white board has broken several times from being moved so frequently. The boys' basketball program teams have a room for team meetings.

55.      For years, Coach Brandt complained to Mr. Hassey and Brad Wagner, current Assistant Athletic Director, and former Athletic Director, that there was no locker room for the girls' visiting teams. The visiting teams had to dress in the girls' restroom or in a classroom. The boys' visiting teams have locker room access.

56.      On December 16, 2015, during a basketball tournament, Mr. Wagner (Athletic Director for the 2015-2016 school year) was responsible to get both the boys' and girls' teams from other schools to fill the tournament. Mr. Wagner got eight teams for the boys but only four

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

teams for the girls. Because there were only four teams for the girls, there ended up being a tie for the girls' teams within the tournament. Coach Brandt requested that Mr. Wagner create a tie-breaker. He refused and yelled, "If you had won, we would not have had a tie." The girls were not given any trophies because there was no tie-breaker. The boys received trophies. Coach Brandt complained to Todd Brose, District Superintendent, claiming that Mr. Wagner did not make a sufficient effort to get girls' teams to the tournament and that the way he spoke to her regarding the trophies was inappropriate. Mr. Brose did nothing to address the concerns Coach Brandt raised.

*Locker Rooms*

57.    The locker room facilities available to boys' and girls' athletic teams are unequal.

58.    There is only one girls' locker room, and it is not attached to the gym. This locker room must be shared by all girls' teams and all female players on the co-ed teams. The girls do not have a team room.

59.    Because the girls have only one locker room, the girls' visiting teams, such as basketball teams, do not have a visiting team locker room and they have to change in the girls' restroom or a classroom and walk from there to the gym in the rain and mud, during inclement weather. Visiting teams have opted to change outside to avoid the difficulty and risk of walking through the rain and mud to the gym.

60.    In January 2016, a visiting girls' basketball team had to hold its pre-game talk in the rain because they did not have a visiting team locker room.

61.    The boys have three locker rooms and two team rooms. Two of the boys' locker rooms are attached to the gym and are available to any boys' team and are available to the home team and the away team. The third locker room is dedicated to the football program and includes

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

coaches' offices and a big-screen television.

62.     The boys' visiting team has locker room space within the gym.

63.     The girls' locker room lockers are very narrow. There is not enough room in each girl's locker for her sports equipment. As a result, female athletes across various girls' teams, such as Plaintiffs, have to carry around school their sports equipment for their sport during the day in heavy backpacks, in addition to school backpacks for textbooks and school supplies. For basketball, the girls have to carry shoes, practice jerseys, and a water bottle. For softball, the girls have to carry bats and gloves around all day, in addition to other equipment.

64.     The boys' lockers are wide and can hold all of the boys' clothes and equipment for after-school sports.

65.     The girls' locker room lacks a team room for pre- and post-game talks for various girls' sports.

66.     The male athletes have a team room for pre- and post-game talks.

### *Publicity and Promotion*

67.     Based upon information and belief, girls' sports are less often publicized and promoted by Defendant, and when girls' sports are promoted and publicized, female athletes are recognized in an ad-hoc fashion.

68.     In the fall of 2016 the Red Bluff High School principal took the varsity girls' tennis team out for dinner and recognized them when they won a section title. Both J.M.B. and J.E.B won section titles in swimming but there was no recognition by the principal.

69.     The Red Bluff High School cheerleaders and band only cheer and play at the male-dominated football games, due to Defendant's decisions to schedule band and cheer at football athletic events. Cheer and band do not attend or promote any of the girls' sports teams.

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

*Scheduling of Games and Practice Time*

70.    The scheduling of games and practice times is inequitable between female and male athletes at RBHS.

71.    Based upon the publicly-available game schedules of Red Bluff High School sports teams' games in the 2016-2017 school year, girls' sports teams are scheduled to play approximately four Friday night games, whereas boys' sports teams are scheduled to play approximately thirty-four games on Friday nights. Friday nights are considered a prime time scheduling slot for athletic competition at RBHS.

72.    For the 2016-17 soccer season, the regularly scheduled boys' soccer games (junior varsity and varsity) were generally at home on Friday afternoons and evenings, with away games scheduled on Wednesdays. In comparison, the regularly scheduled girls' soccer games (junior varsity and varsity) were generally at home on Wednesdays, with away games scheduled on Fridays. Thus, the soccer schedule favored male athletes with more prime-time home game opportunities on Fridays after school.

*Provision of Equipment and Supplies*

73.    The provision of equipment and supplies is inequitable between female and male athletes at RBHS.

74.    The girls' softball program's facilities and equipment are unequal to the boys' baseball program's equipment.

75.    The girls' varsity softball team has one set of white uniforms and one set of dark uniforms. In 2016, the girls' junior varsity team had one set of uniforms but was told to go to Big 5 Sporting Goods and purchase black pants for a second uniform because second uniforms would not be provided.

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

76.     The boys' baseball program has five sets of uniforms and two baseball caps for each player.

77.     Based upon available information and belief, the Red Bluff High School boys' football program recently spent approximately $18,000 on new football uniforms ($9,000 from the booster club and $9,000 from the athletic department), while coaches for the swim program, comprised of more than half female students, were told there was no funding available to purchase kickboards for practice.

### *Coaching*

78.     Female students at RBHS participating in athletics receive fewer opportunities to receive coaching in comparison to male student athletes.

79.     Based upon publicly-available information, contained in team game schedules shared by Red Bluff High School on its website, girls' athletic teams have approximately 26 coaches and boys' athletic teams have approximately 32 coaches, without accounting for any assistant coaches provided to football given only head coaches are listed for football.

80.     Defendant does not provide female athletes quality coaches in comparison to their male counterparts.

81.     Defendant hired Froylan Mendoza as the new girls' freshman basketball coach. Mr. Mendoza lacked experience and ability to coach.

82.     During this 2016-2017 season, Mr. Mendoza cancelled practices. During winter break, Mr. Mendoza ended practice early and left RBHS, leaving a group of fourteen year old female students outside the gym with no adult supervision waiting for their parents, creating an unsafe environment. Specifically, T.S. was left alone without any coach and/or RBHS supervision for at least 10 minutes. Again on January 23, 2017, Mr. Mendoza ended practice

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

thirty minutes early, leaving five players outside. Mr. Mendoza did not communicate with parents when cancelling practices or ending them early. As head freshman team coach, Mr. Mendoza also did not attend several practices.

83.    Mr. Mendoza yelled at girls during practices several times (telling them to "shut up").

84.    Defendant terminated Mr. Mendoza replacing him with Ms. Long as the temporary freshman basketball coach.

85.    In September 2016, Defendant released an experienced basketball coach Joyce Baccala in her capacity as girls' junior varsity basketball coach.

86.    Defendant hired Casey Colwell as the new junior varsity basketball coach. Mr. Colwell never coached girls or high school basketball before being hired at Red Bluff High School.

87.    The District requested Mr. Colwell resign from junior varsity girls' basketball coaching but he refused and is still coaching, despite being unfit for the position.

### *Complaints and Retaliation*

88.    Coach Brandt, as part of her responsibilities as girls' basketball coach for Red Bluff High School, advocated for compliance within the letter and spirit of Title IX, speaking out to prevent or remedy conduct that violated or could lead to a violation of Title IX.

89.    On February 2, 2016, shortly after the December 2016 basketball tournament, Coach Brandt advocated with the Superintendent that the same resources and opportunities provided to the boys' teams be provided to the girls' teams.

90.    The District terminated Coach Brandt on March 11, 2016, a short time after she complained of gender inequities in athletics.

91.     Coach Brandt's termination impacted Plaintiffs and other female athletes in the school by replacing a highly qualified coach with a new coach without experience. Defendant hired Shelby Long as the new varsity girls' basketball coach. Ms. Long had never coached a high school basketball team before.

## FIRST CLAIM FOR RELIEF
### (Defendant's Violation of Title IX of the Education Amendments of 1972)

92.     Plaintiffs incorporate paragraphs 1 through 91 as though fully set forth herein.

93.     Title IX provides, "No person in the United States shall, on the basis of sex, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Therefore, all programs in the District, including the athletic programs, are subject to the requirements of Title IX. 20 U.S.C. § 1687.

94.     Title IX's implementing regulations provide: "No person shall, on the basis of sex, be excluded from participation in, be denied the benefits of, be treated differently from another person or otherwise be discriminated against in any interscholastic, intercollegiate, club or intramural athletics offered by a recipient, and the recipient shall provide any such athletics separately on such basis." 34 C.F.R. § 106.41(a).

95.     Under Title IX, schools must provide "equal treatment and benefits" to members of both sexes in their athletic programs. 44 Federal Register 71,413 (1979), the Department of Education, Office of Civil Rights' 1979 Policy Interpretation ("Policy Interpretation").

96.     Equal treatment and benefits are assessed based on an overall comparison of the male and female student athletic programs, including an analysis of the following factors, among other considerations: "The provision of equipment and supplies; Scheduling of games and

practice time; Opportunity to receive coaching . . .; Assignment and compensation of coaches . . .; Provision of locker rooms, practice and competitive facilities; Provision of . . . training facilities; Publicity" and a school's "failure to provide necessary funds for teams for one sex." 34 C.F.R. § 106.41(c) (2) – (10).

97.    The regulations required that sponsors of interscholastic athletics comply with the regulations within three years of their effective date, or by July 21, 1978 at the latest. The regulations further require that sponsors of interscholastic athletics take such remedial actions as are necessary to overcome the effects of sex discrimination in violation of Title IX. 34 C.F.R. §106.3(a).

98.    Plaintiffs are informed and believe, and based thereon allege, that Defendant has not taken remedial actions and that any remedial actions which Defendant has taken in the past thirty years have been insufficient to satisfy Defendant's obligations under Title IX.

99.    As a proximate result of these unlawful acts, Plaintiffs and the Class have suffered and continue to suffer irreparable injury.

100.    Plaintiffs and the Class are entitled to relief, including declaratory relief and injunctive relief, attorneys' fees and costs

**SECOND CLAIM FOR RELIEF**
**(Defendant's Unequal Provision of Participation Opportunities in the RBHS Athletics Program in Violation of Title IX of the Education Amendments of 1972)**

101.    Plaintiffs incorporate paragraphs 1 through 100 as though fully set forth herein.

102.    Under Title IX, schools must provide both sexes equivalent athletic participation opportunities. 1979 Policy Interpretation.

103.    Compliance in the area of equivalent participation opportunities is determined by a three-part test:

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

104.    Whether intercollegiate level participation opportunities for male and female students are provided in numbers substantially proportionate to their respective enrollments; or

105.    Where the members of one sex have been and are underrepresented among intercollegiate athletes, whether the institution can show a history and continuing practice of program expansion which is demonstrably responsive to the developing interest and abilities of the members of that sex; or

106.    Where the members of one sex are underrepresented among intercollegiate athletes, and the institution cannot show a continuing practice of program expansion such as that cited above, whether it can be demonstrated that the interests and abilities of the members of that sex have been fully and effectively accommodated by the present program. *Id.* at 71,418 (Section VII(C)(5)(a)).

107.    Although the 1979 Policy Interpretation refers to "intercollegiate" sports, Title IX is applicable to all recipients of federal education funds, including high schools, and thus is applicable to interscholastic high school sports as well as intercollegiate sports. 34 C.F.R. § 106.11; *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 855 (9th Cir. 2014).

108.    With respect to the first part of the three-part test, Plaintiffs are informed and believe, and based thereon allege, that the ratio of female to male athletes at Red Bluff High School is not substantially proportionate to the overall ratio of enrolled female to male students at RBHS and that the interests and abilities of the female students at RBHS in participating in interscholastic sports have not been fully and effectively accommodated by Defendant.

109.    Further, with respect to the test's second part, Defendant cannot show "a history and continuing practice of program expansion which is demonstrably responsive to the developing interest and abilities" of RBHS's female students. *Mansourian v. Regents of the*

*Univ. of Calif.*, 602 F.3d 958, 965 (9th Cir. 2010) (citing Office for Civil Rights, Guidance: The Three-Part Test (1996)). Rather, female students have historically been and continue to be underrepresented in the RBHS athletics program.

110.    Finally, with respect to part three, despite this underrepresentation and despite the interests and abilities of female students at RBHS to participate on additional teams, Defendant has not adequately expanded the athletics program in response to female students' interests. Defendant bears the burden on part two, an affirmative defense, and must show a history and continuing practice of adding athletic opportunities for females. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 857-58 (9th Cir. 2014).

111.    As a proximate result of these unlawful acts, Plaintiffs and the Class have suffered and continue to suffer irreparable injury.

112.    Plaintiffs and the Class are entitled to relief, including declaratory relief and injunctive relief, attorneys' fees, and costs.

113.    Such injunctive relief may include, but is not limited to, the provision of the full range of teams and participation slots in existing sports, with teams for all grade levels, including novice, junior varsity, and varsity-level opportunities for female student athletes.

### THIRD CLAIM FOR RELIEF
### (Defendant's Retaliation in Violation of Title IX of the Education Amendments of 1972)

114.    Plaintiffs incorporate paragraphs 1 through 113 as though fully set forth herein.

115.    Title IX and its implementing regulations prohibit retaliation for complaints of sex discrimination. 20 U.S.C. § 1681; 34 C.R.R. § 100.7(e); *see also Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174, 178, 183 (2005); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 869 (9th Cir. 2014).

116.    After Coach Brandt complained of sex discrimination, Defendant retaliated

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

against Plaintiffs by, *inter alia*, terminating the basketball coach.

117. The replacement coach was not sufficiently skilled or trained and the girls' basketball team suffered adverse consequences as a result of this termination of Coach Brandt.

118. Moreover, the termination of Coach Brandt has a chilling effect on girls at RBHS and their advocates with regard to identifying and complaining about gender inequity in athletics.

119. Plaintiffs are informed and believe, and based thereon allege, that Defendant terminated Coach Brandt in retaliation for her complaints about unequal treatment of the girls' athletic teams. The action also constituted retaliation against the putative class.

120. Defendant's conduct has persisted despite the well-settled mandates of federal anti-discrimination law.

121. As a proximate result of these unlawful acts, Plaintiffs and the Class have suffered and continue to suffer irreparable injury.

122. Plaintiffs and the Class are entitled to relief, including declaratory relief and injunctive relief, attorneys' fees and costs

## DECLARATORY RELIEF ALLEGATIONS

123. Plaintiffs incorporate paragraphs 1 through 122 as though fully set forth herein.

124. A present and actual controversy exists between Plaintiffs and Defendant concerning their rights and respective duties. Plaintiffs contend that Defendant violated their rights and the rights of the Class under federal anti-discrimination law. Plaintiffs are informed and believe and based thereon allege that Defendant denies these allegations. Declaratory relief is therefore necessary and appropriate.

## INJUNCTIVE RELIEF ALLEGATIONS

125. Plaintiffs incorporate paragraphs 1 through 124 as though fully set forth herein.

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*

126.    No plain, adequate, or complete remedy at law is available to Plaintiffs and the Class to redress the wrongs addressed herein.

127.    If this Court does not grant the injunctive relief sought herein, Plaintiffs and the Class will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully pray that this Court:

(1)    Certify the proposed Class;

(2)    Enter an order declaring that Defendant has retaliated and discriminated on the basis of sex against female students in violation of Title IX;

(3)    Issue a permanent injunction restraining Defendant and their officers, agents, employees, successors, and any other persons acting in concert with them from retaliating and discriminating on the basis of sex against female students;

(4)    Issue a permanent injunction requiring Defendant to remediate their violations of federal law prohibiting sex discrimination by, among other required actions, providing female student athletes with treatment and benefits comparable to those provided to male student athletes and affording female students the equal opportunity to participate in school-sponsored sports;

(5)    Award reasonable attorneys' fees and costs, pursuant to 28 U.S.C. § 1988 and any other applicable provisions of federal law; and

///

///

///

///

(6)     Order such other and further relief as the Court deems appropriate.


Dated: March 7, 2017                                Respectfully submitted,


                                                    **SIEGEL & YEE**

                                                    By  _____/s/ Jane Brunner_

                                                    Jane Brunner, SBN 135422
                                                    Dan Siegel, SBN 56400
                                                    EmilyRose Johns, SBN 294319


                                                    **LEGAL AID AT WORK**

                                                    Elizabeth Kristen, SBN 218227
                                                    Kim Turner, 277520


                                                    Attorneys for Plaintiffs and the Proposed
                                                    Class

**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**
*T.S., J.M.B., J.E.B., AND E.A. ET AL. v. RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*