1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | T.S. by and through their next friend          No.  2:17-cv-00489-TLN-EFB
   | JERAMIE STRUTHERS, *et al.*,
12
   |                Plaintiffs,
13 |                                                **ORDER DENYING DEFENDANT'S**
   |        v.                                      **MOTION FOR RECONSIDERATION**
14
   | RED BLUFF JOINT UNION HIGH
15 | SCHOOL DISTRICT,
16 |                Defendant.

17

18         Plaintiffs brought this action under Title IX of the Education Amendments Act of 1972 on

19 March 7, 2017.  (ECF No. 1.)  Thereafter, the Court issued a Pretrial Scheduling Order

20 bifurcating discovery to allow class discovery to commence prior to any other discovery.  (ECF

21 No. 17.)  During class discovery, Plaintiffs submitted to Defendant Red Bluff Joint Union High

22 School District ("Defendant") requests for on-site measurements and inspection.  On June 7,

23 2017, the parties filed a Statement of Discovery Dispute before Magistrate Judge Edmund F.

24 Brennan.  (ECF No. 12.)  Defendant objected to the on-site inspection and measurements

25 requested by Plaintiffs as overly broad and outside the claims at issue.  Magistrate Judge Brennan

26 ruled in favor of Plaintiffs and permitted on-site discovery.  Defendant filed a Request for

27 Reconsideration before this Court on June 27, 2017.[1]  (ECF No. 25.)  Plaintiffs oppose the

28 _____

   [1]        Magistrate Judge Brennan issued a written order on June 28, 2017, one day after Defendant filed its

                                              1

1   request.  (ECF No. 27.)

2   **I.    STANDARD OF REVIEW**

3        Federal Rule of Civil Procedure 72(a) permits a party to file a request for reconsideration

4   of a magistrate judge's non-dispositive order within 14 days of being served with a copy of the

5   order.  "A district judge in the case must consider timely objections and modify or set aside any

6   part of the order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  The

7   objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous

8   or contrary to law.  *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511,

9   at *1 (N.D. Cal. Oct. 28, 2009); *Winz-Byone v. Metro. Life Ins. Co.*, No. EDCV 07-238-VAP

10  (OPx), 2007 WL 4276751, at *1 (C.D. Cal. Nov. 16, 2007).

11       "The 'clearly erroneous' standard applies to factual findings and discretionary decisions

12  made in connection with non-dispositive pretrial discovery matters."  *F.D.I.C. v. Fid. & Deposit*

13  *Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000).  Under the clearly erroneous standard,

14  the district court can overturn the magistrate judge's ruling when the court is "left with the

15  definite and firm conviction that a mistake has been committed."  *Concrete Pipe & Prods. of*

16  *Cal., Inc., v. Constrs. Laborers Pension Trust*, 508 U.S. 602, 622 (1993).

17       In contrast, a "contrary to law" standard is applied to the magistrate judge's legal

18  conclusions and amounts to a *de novo* review.  *United States v. McConney*, 728 F. 2d 1195,

19  1200–01 (9th Cir. 1984) (en banc) *abrogated on other grounds* by *Pierce v. Underwood*, 487 U.S.

20  552 (1988).  "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes,

21  case law, or rules of procedure."  *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D.

22  Idaho 2013).  However, "a magistrate judge's decision is contrary to law only where it runs

23  counter to controlling authority."  *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172

24  (E.D.N.Y. 2008).  Consequently, "a magistrate judge's order simply cannot be contrary to law

25  when the law itself is unsettled."  *Id.*

26  objections to the order.  Federal Rule of civil procedure 72(a) states that a "party may serve and file objections to the
    order within 14 days after being served with a copy."  As a procedural matter, Defendant cannot object to an order
27  that has not yet been served on it.  Despite this procedural deficiency, Plaintiffs ask the Court to consider the merits
    of the request in order to attempt to resolve the issue before the scheduled inspection on July 11, 2017.  Accordingly,
28  the Court will address the merits of Defendant's arguments.

## II.    ANALYSIS

First, Defendant argues Magistrate Judge Brennan erred by finding Plaintiffs are entitled to measuring during the on-site inspection. (ECF No. 25 at 6.) Defendant cites two cases as its main support for its contention that other forms of discovery should instead be used. (ECF No. 25 at 9–8.) The cases cited by Defendant do not stand for the proposition that other forms of discovery necessarily must be used prior to an inspection and measuring. *See Belcher v. Basset Furniture Industries, Inc.*, 588 F.2d 904, 905 (4th Cir. 1978) (discussing the permissibility of an inspection of facilities in a sexual and race discrimination case); *E.E.O.C. v. United States Bakery*, No. Civ. 03–64–HA, 2004 WL 1307915, at *4 (D. Or. Feb. 4, 2004) (explaining the building was not relevant to the claims at issue and any information about where the harassment occurred could have been obtained through other forms of discovery). Moreover, even if the cases supported such a contention, none of the cases are binding on this Court. Consequently, failure to follow them would not render Magistrate Judge Brennan's ruling contrary to law. *Pall Corp.*, 655 F. Supp. 2d at 172. Accordingly, Defendant has not presented this Court with evidence that Magistrate Judge Brennan's order permitting measuring at the inspection is contrary to law.

Second, Defendant asserts Plaintiffs are not entitled to measurements because the notice of inspection lacks sufficient particularity. (ECF No. 25 at 9.) Defendant asserts it has no way of knowing what measuring is contemplated or what tangible things will be measured. (ECF No. 25 at 10.) Defendants contend Magistrate Judge Brennan's reliance on these terms is misplaced. Magistrate Judge Brennan stated "I think the fact that the notice specifically referenced their intent to measure — and it does use the word measure — and I think that is sufficient." (ECF No. 23 at 10:5–8.) The notice describing the inspection stated Plaintiffs' intent to measure "the tangible things set forth in this request." (ECF No. 19 at 3.) The notice went on to describe the areas to be inspected and measured. Defendant's exception to the terms measuring and tangible things is taken out of context of the whole notice. Furthermore, Defendants cite no authority which would demonstrate the term "measuring" is insufficient in the context of the description of the areas to be inspected. The statutory rules cited by Defendants require no such finding.

Defendant does not present any argument that would make the Court feel a mistake has been committed with respect to Magistrate Judge Brennan's finding that the notice is sufficient. Accordingly, Defendant has failed to meet its burden to demonstrate the finding is clearly erroneous.

Lastly, Defendant contends Plaintiffs are not entitled to inspect any portion of Defendant's campus not pled in Plaintiff's Second Amended Complaint. (ECF No. 25 at 10.) Defendant argues the magistrate judge erred by determining that paragraphs 35 and 37 of the complaint put all the athletic facilities at issue in the action. (ECF No. 25 at 11.) Defendant asserts this determination was clearly erroneous for three reasons: (1) any violation not suffered by Plaintiffs is beyond class discovery; (2) paragraphs 35 and 36 do not raise a claim of a system-wide violation; and (3) Plaintiffs do not have standing to prosecute violations they did not personally suffer.

Defendant's arguments rely on one misconception — that Plaintiffs do not allege a system-wide violation under Title IX in their Second Amended Complaint. Magistrate Judge Brennan relied on paragraphs 35 and 37 and the relief sought to determine the appropriate scope of the complaint. The magistrate judge found the complaint alleges more than a single sport violation, but instead a system-wide Title IX violation by Defendant. While Plaintiffs allege specific violations regarding the basketball team and softball team, they also allege violations within the whole athletic program. Beyond the allegations Magistrate Judge Brennan specifically mentioned, the complaint also seeks to certify a class of "all present and future Red Bluff High School female students and potential students who participate, seek to participate, and/or are or were deterred from participating in athletics at Red Bluff High School." (ECF No. 12 ¶ 16.) Plaintiffs seek to represent all female athletes in all sports, not just those in which they participate. Defendant does not present the Court with any evidence suggesting Plaintiffs may only represent the sports they themselves play in a complaint for system-wide violations. Nor does Defendant present evidence Plaintiffs may not provide only some examples of violations when raising a claim for system-wide violations. Accordingly, Defendant failed to show Magistrate Judge Brennan's ruling on the scope of the inspection was clearly erroneous.

For the reasons set forth above, Defendant's Request for Reconsideration (ECF No. 25) is hereby DENIED.

IT IS SO ORDERED.

Dated: July 10, 2017

Troy L. Nunley
United States District Judge