DAN SIEGEL, SBN 56400
Email: danmsiegel@gmail.com
JANE BRUNNER, SBN 135422
Email: janebrunner@hotmail.com
EMILYROSE JOHNS, SBN 294319
Email: emilyrose@siegelyee.com
SIEGEL, YEE & BRUNNER
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200

ELIZABETH KRISTEN, SBN 218227
Email: ekristen@legalaidatwork.org
KIM TURNER, SBN 277520
Email: kturner@legalaidatwork.org
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA  94104
Telephone: (415) 864-8848

Attorneys for Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.S. by and through their next friend JERAMIE STRUTHERS; J.M.B. and J.E.B., by and through their next friend JAMES BRANDT; E.A., by and through her next friend HAZEL BRANDT; C.K. by and through her next friend TERESA HILL; and G.K. by and through her next friend LESLIANN JONES and all others similarly situated,<br><br>                    Plaintiffs,<br><br> vs.<br><br>RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT,<br><br>                    Defendant. | Case No. 2:17-cv-00489-TNL-EFB<br><br>MOTION TO ENTER SETTLEMENT AGREEMENT; CONDITIONALLY DISMISS ACTION, WITHOUT PREJUDICE; AND RETAIN JURISDICTION<br><br>[Fed. R. Civ. P. 41(a)(2)] |

1

Motion to Enter Settlement Agreement; Conditionally Dismiss Action, Without Prejudice; and Retain Jurisdiction
*T.S., J.M.B., J.E.B., E.A., C.K., AND G.K. ET AL. v.*
*RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*
Case No. 2:17-cv-00489-TNL-EFB

Plaintiffs, by and through their counsel, move this Court to enter the proposed order attached hereto as Exhibit A (the "Order"), concerning the Parties' settlement of the above-referenced action (the "Action"), which, if entered, conditionally dismisses the Action, without prejudice, pursuant to Fed. R. Civ. Proc. 41 (a)(2), with this Court retaining jurisdiction to enforce the settlement.

The Parties entered into the settlement agreement, attached hereto as Exhibit B ("Agreement"), on or about November 1, 2017. The Agreement, among other things, provides broad injunctive relief to resolve the Action (*see* Exhibit B, Substantive Relief-Statement of Commitment, Sections I-IV). Additionally, a term of the Agreement is that the Action be conditionally dismissed, without prejudice, with the Parties asking that this Court retain continuing jurisdiction to request that the Court enforce any and all terms of the Agreement should it be necessary during the Agreement's Duration (*see* Exhibit B at Section F.7). The conditional dismissal will be followed by final dismissal, with prejudice, either upon performance of the terms of the Agreement or at the end of three years term from the date of the Court order unless the Plaintiffs successfully petition to extend the term, and as further described in Exhibit B at Section F.7. Accordingly, the Parties request this Court to place the Action on the Court's inactive docket subject to recall to the active docket should the enforcement of the Agreement become necessary.

Dated: November   13_, 2017

Respectfully submitted,

**SIEGEL, YEE & BRUNNER**

By ___*/s/ Jane Brunner*

Jane Brunner, SBN 135422
Dan     Siegel, SBN 56400
EmilyRose Johns, SBN 294319

**LEGAL AID AT WORK**
Motion to Enter Settlement Agreement; Conditionally Dismiss Action, Without Prejudice; and Retain Jurisdiction
*T.S., J.M.B., J.E.B., E.A., C.K., AND G.K. ET AL. v.*
*RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT*
Case No. 2:17-cv-00489-TNL-EFB

1

By  */s/ Kim Turner*

2

Elizabeth Kristen, SBN 218227
Kim Turner, 277520
3
Attorneys for Plaintiffs and
the Proposed Class

4

5

LEONE & ALBERTS

6

By */s/  Jimmie E. Johnson*

7

8

Attorney's for Defendant Red Bluff Joint
Union High School District

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

3

# Exhibit A

DAN SIEGEL, SBN 56400
Email: danmsiegel@gmail.com
JANE BRUNNER, SBN 135422
Email: janebrunner@hotmail.com
EMILYROSE JOHNS, SBN 294319
Email: emilyrose@siegelyee.com
SIEGEL, YEE
475 14th Street, Suite 500 & BRUNNER
Oakland, CA 94612
Telephone: (510) 839-1200

ELIZABETH KRISTEN, SBN 218227
Email: ekristen@legalaidatwork.org
KIM TURNER, SBN 277520
Email: kturner@legalaidatwork.org
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA  94104
Telephone: (415) 864-8848

Attorneys for Plaintiffs and the Proposed Class

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T.S. by and through their next friend JERAMIE STRUTHERS; J.M.B. and J.E.B., by and through their next friend JAMES BRANDT; E.A., by and through her next friend HAZEL BRANDT; C.K. by and through her next friend TERESA HILL; and G.K. by and through her next friend LESLIANN JONES and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT,<br><br>Defendant. | Case No. 2:17-cv-00489-TNL-EFB<br><br>[Proposed] ORDER ENTERING SETTLEMENT AGREEMENT, CONDITIONALLY DISMISSING ACTION WITHOUT PREJUDICE, AND RETAINING JURISDICTION |

The Plaintiffs and the Defendant have entered into a Settlement Agreement and Incorporated Statement of Commitment ("Agreement") (Exhibit B).

ORDER that the Settlement Agreement and Incorporated Statement of Commitment (Exhibit B) and all its terms are herein fully incorporated in this Order;

ORDER that the Court shall retain continuing jurisdiction over all of the terms in the Agreement to enforce as provided in the Agreement;

ORDER that the Complaint is conditionally dismissed without prejudice, pursuant to Fed. R. Civ. Proc. 41(a)(2);

ORDER that the Court shall issue a final judgment with prejudice pursuant to Fed. R. Civ. Proc. 54 and subject to 28 U.S.C. § 1291, on occurrence of one of the events representing fulfillment of the Settlement Agreement as provided in Section F.7 of the Agreement;

ORDER that the Court retain jurisdiction pursuant to 28 U.S.C. § 1331 to enforce any provision of the Agreement as provided for in Section F.7 of the Settlement Agreement;

ORDER that for all other purposes, this civil action is to be placed on the inactive docket, subject to recall to the active docket, should enforcement of the Agreement be necessary.

IT IS SO ORDERED

Date this ____ day of November, 2017

_____
Hon.                                               Troy L. Nunley
United                                            States Judge

1
2  Dated: November  13_, 2017

Respectfully submitted,

3
4  **SIEGEL, YEE & BRUNNER**

5  By ___ */s/ Jane Brunner*

6
7  Jane Brunner, SBN 135422
   Dan     Siegel, SBN 56400
   EmilyRose Johns, SBN 294319

8
9  **LEGAL AID AT WORK**

10  By _*/s/ Kim Turner*

11  Elizabeth Kristen, SBN 218227
    Kim Turner, 277520
12  **A**ttorneys for Plaintiffs and
    the Proposed Class

13
14
15  LEONE & ALBERTS

16  By */s/ Jimmie E. Johnson*

17  Attorney's for Defendant Red Bluff Joint
    Union High School District

18
19
20
21
22
23
24
25
26
27
28

# Exhibit B

*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

SETTLEMENT AGREEMENT,
INCORPORATED STATEMENT OF COMMITMENT,
AND
RELEASE OF CLAIMS

This Settlement Agreement, Incorporated Statement of Commitment, and Release of Claims ("Agreement") is made between ▮▮▮▮▮▮▮▮▮▮▮ ("T.S.") by and through her next friend JERAMIE STRUTHERS, ▮▮▮▮▮▮▮▮▮▮ ("J.M.B.") and ▮▮▮▮▮▮▮▮▮ ("J.E.B.") by and through their next friend JAMES BRANDT, ▮▮▮▮▮▮▮▮▮ ("E.A.") by and through her next friend HAZEL BRANDT, ▮▮▮▮▮▮▮▮▮ ("C.K.") by and through her next friend TERESA HILL, and ▮▮▮▮▮▮▮▮▮ ("G.K.") by and through her next friend LESLIANN JONES (hereinafter collectively referred to as "Plaintiffs") on the one hand; and RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT, its employees, past and present, its board members, past and present, staff, elected officials, administrators, attorneys, and all personnel (hereinafter collectively referred to as "Defendant") on the other hand, with respect to the following:

## RECITALS

A.     On March 7, 2017, T.S., J.M.B., J.E.B., and E.A., initiated a class action against Defendant in the United States District Court for the Eastern District of California, designated Case No. 2:17-cv-00489 ("the Action") alleging various violations of Title IX of the Education Amendments of 1972 against Defendant, including, but not limited to unequal treatment and benefits, unequal participation opportunities, and retaliation;

B.     On April 6, 2017, all Plaintiffs filed a first amended complaint to the Action, again alleging various violations of Title IX of the Education Amendments of 1972, including, but not limited to unequal treatment and benefits, unequal participation opportunities, and retaliation;

C.     On April 27, 2017, all Plaintiffs filed a second amended complaint to the Action, again alleging various violations of Title IX of the Education Amendments of 1972, including, but not limited to unequal treatment and benefits, unequal participation opportunities, and retaliation;

D.     Defendant has denied and continues to deny and dispute Plaintiffs' claims and allegations;

{00514357.DOCX}

STRUTHERS *JnS*
J. BRANDT *JB*
H. BRANDT *HB*
HILL *TH*
JONES *JO*
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

E.     In order to avoid the substantial expense and inconvenience of further litigation, the parties now desire to finally settle all claims asserted by Plaintiffs in the Action, as well as all issues that were raised or could have been raised in the Action by Plaintiffs, as well as any claims or potential claims arising from any transactions or occurrences asserted by Plaintiffs against Defendant and all persons to date concerning the subject matter of the Action, on the terms set forth in this Agreement.

F.     Because one or more of Plaintiffs are minors, the parties understand that this settlement is contingent upon court approval pursuant to Federal Rule of Civil Procedure 17(c), and Local Rule 202(b)(2) of the United States District Court for the Eastern District of California (the "Eastern District").

THEREFORE, IN CONSIDERATION OF THE PROMISES CONTAINED HEREIN, IT IS HEREBY AGREED AS FOLLOWS:

1.     Effective Date.  This Agreement shall become effective upon all of the following: (1) all parties and their respective counsel executing this agreement where indicated below; (2) Defendant's Board of Trustees formally approving this Agreement as set forth in Paragraph 13 below; and (3) the Eastern District approving this Agreement as set forth in Paragraph 6 below.  ("Effective Date").

2.     Performance and Payment.  In exchange for the promises and warranties of Plaintiffs as set forth below, Defendant shall: (1) perform the obligations set forth in the Statement of Commitment provided in full below ("Statement of Commitment"); (2) pay the total sum of $282,500.00 (Two Hundred Eighty Two Thousand Five Hundred Dollars and Zero Cents) jointly to Plaintiffs' attorneys of Siegel, Yee and Brunner and Legal Aid at Work (check payable to Siegel, Yee & Brunner, 499 14th Street, Oakland, CA 94612). Payment will be made either (a) within 30 calendar days of the Effective Date, or (b) within 30 days of all Plaintiffs' attorneys providing Defendant completed Form W-9s, whichever occurs last.

Plaintiffs and their attorneys, individually and collectively, acknowledge that Defendant has made no representation about, and takes no position as to, the apportionment and/or characterization of the settlement proceeds.  Any dispute between Plaintiffs and their counsel, or with any third party, regarding the manner in which these settlement proceeds have been apportioned or characterized shall not affect the validity of this Agreement.  Moreover, should such a dispute arise, Plaintiffs, individually and collectively, agree to defend, indemnify and hold Defendant harmless from liability, losses, claims, damages, costs or expenses, including attorneys' fees, arising from said dispute.

{00514357.DOCX}



STRUTHERS _____
J. BRANDT _____
H. BRANDT _____
HILL _____
JONES _____
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

All Plaintiffs' attorneys shall be issued IRS Form 1099s in the respective amounts set forth above by Defendant and/or on its behalf.

3.     <u>Release of Claims.</u> Plaintiffs, and each of their respective past and present successors, assigns, legatees, heirs and personal representatives release and forever discharge Defendant, and each of their respective past and present divisions, affiliates, predecessors, successors, assigns, officers, directors, employees, attorneys, contractors, subcontractors, agents, and representatives and all persons acting by, through, under or in concert with them ("Released Parties") from, without limitation, any and all claims, rights, demands, actions, obligations, damages, liabilities, and causes of action of any and every kind, nature and character whatsoever, whether based in tort, contract, statute or on any other theory of recovery, whether known or unknown, and whether for equitable relief, statutory penalties, compensatory or punitive damages, which Plaintiffs have or could have asserted against Defendant based upon the facts alleged in the Complaint ("Released Claims").

4.     <u>Unknown or Different Facts or Law.</u>  Plaintiffs acknowledge, individually and collectively, that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to the Released Claims.  Plaintiffs agree nonetheless, individually and collectively, that this Agreement and the release contained therein shall be and remain effective in all respects notwithstanding such different or additional facts or law.

5.     <u>California Civil Code Section 1542 Waiver</u>.  With respect to the Released Claims only, Plaintiffs, individually and collectively, expressly acknowledge and agree that the release contained in this Agreement includes a waiver of all rights under Section 1542 of the California Civil Code.  That statute reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OF OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs, individually and collectively acknowledge that they have read all of this Agreement, including the above Civil Code section, and that they fully understand both the Agreement and the Civil Code section.  Plaintiffs, individually and collectively waive

{00514357.DOCX}

STRUTHERS _JS_
J. BRANDT _JB_
H. BRANDT _HB_
HILL _JH_
JONES _JJ_
DISTRICT _D_

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

any benefit and right granted to them pursuant to Civil Code section 1542 as it pertains to the Released Claims.

6.    <u>Motion for Approval of Minor's Compromise</u>.    Plaintiffs agree, individually and collectively, to file a motion with the Eastern District for approval of this Agreement within 5 days of execution by all parties, and notice said motion for hearing at the earliest possible date allowed by the Court, should such a hearing be necessary.  Plaintiffs agree, individually and collectively, to make the motion pursuant to Local Rule 202(b) and all other applicable federal and state laws.  Defendant agrees to file a statement of non-opposition to the motion for approval.

7.    <u>Continuing Court Jurisdiction and Dismissal of Action</u>.  Plaintiffs' counsel agree, individually and collectively, that at the time they provide Defendant's counsel with completed Form W-9s, they will simultaneously forward to Defendant's counsel an executed request for conditional dismissal without prejudice of the entire action, each party to bear its own costs and fees, with the exception of Paragraph 2 above and as set forth in the Statement of Commitment below, and each party consenting to the continuing jurisdiction of the Court for the purposes of enforcing this Agreement as set forth below in this paragraph and in Section III.C.4 of the incorporated Statement of Commitment below. Plaintiffs and their counsel further acknowledge, individually and collectively, that Plaintiffs will file said dismissal with the Eastern District within five (5) business days of the Agreement being fully executed by the Parties, in a manner compliant with Federal Rule of Civil Procedure 41 and any other applicable federal and state laws upon payment of the settlement funds. The motion filed by Plaintiffs shall ask that the Court enter the Agreement as an order of the Court pursuant to Federal Rule of Civil Procedure 41 (a)(2), and conditionally dismiss the complaint in this action without prejudice pursuant to Rule 41 (a)(2), while retaining jurisdiction to enforce the Agreement. The parties will ask the Court to place the case on the Court's inactive docket subject to recall to the active docket should it be necessary for either party to move the Court for an order to enforce a term or terms of the Agreement. If the Court grants the parties' motion for a conditional dismissal, then a conditional dismissal will be followed by a final dismissal with prejudice either on performance of the terms of the Agreement at the end of the three year term, or as stipulated to by the parties unless Plaintiffs successfully petition to extend the term of the Agreement. Such an extension shall be limited to those provisions of the Agreement that Plaintiffs successfully petitioned to have extended rather than the entire Agreement.

8.    <u>No Prior Assignments or Liens</u>.  Plaintiffs, individually and collectively, represent and warrant that they have not assigned to any other person or entity any

{00514357.DOCX}



STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

Released Claim.  Plaintiffs further represent and warrant, individually and collectively, that if there are any liens or claims against any of the amounts being paid by Defendant as provided in this Agreement, including, but not limited to, any by former counsel, that said liens or claims will be borne by Plaintiffs herein.  Plaintiffs agree, individually and collectively, to defend, indemnify and hold Defendant harmless from any liability, losses, claims, damages, costs or expenses, including reasonable attorneys' fees, arising out of a breach of the representations and warranties contained in this paragraph.

9.     No Admissions.  By entering into this Agreement, Plaintiffs acknowledge, individually and collectively, that it is the position of Defendant that it has not engaged in, or is now engaging in, any unlawful conduct.  Plaintiffs understand and agree, individually and collectively, that this Agreement is not an admission of liability by Defendant, and that Defendant specifically denies liability in the Action and intends merely to avoid further litigation and expense by entering into this Agreement.  Plaintiffs understand and agree, individually and collectively, that neither this Agreement nor any terms hereof shall be admissible in any other or future proceedings against Defendant, except a proceeding to enforce this Agreement.

10.     Covenant Not to Sue.  Plaintiffs agree, individually and collectively, to the fullest extent permitted by law, that they will not initiate or file a lawsuit or administrative proceeding or internal grievance proceeding, individually or collectively, to assert any Released Claim except in connection with filing an action to enforce this Agreement (which incorporates the Statement of Commitment).  Plaintiffs understand and agree, individually and collectively, that if any such action is brought, this Agreement will constitute an Affirmative Defense thereto, and Defendant shall be entitled to recover reasonable costs and attorneys' fees incurred in defending against any Released Claims as set forth in paragraph 2.  Nothing in this provision shall preclude Plaintiffs from filing an action to enforce this Agreement (including the incorporated Statement of Commitment).

11.     Attorneys' Fees and Costs.  Plaintiffs agree, individually and collectively, to bear their own attorneys' fees and expenses incurred in connection with the Action, or any Released Claim, except as may be otherwise set forth in this Agreement and the incorporated Statement of Commitment.

12.     Tax Consequences.  Plaintiffs acknowledge, individually and collectively, that Defendant has made no representation about and takes no position on the tax consequences of this Agreement.  A dispute regarding the tax status of this Agreement shall not affect the validity of this Agreement. Plaintiffs acknowledge and agree that they have had an opportunity to discuss the potential tax consequences of this Agreement with

{00514357.DOCX}

STRUTHERS _____
J. BRANDT _____
H. BRANDT _____
HILL _____
JONES _____
DISTRICT _____

their own counsel and agree to indemnify and hold harmless Defendant from any and all costs and assessments including, but not limited to delinquent taxes, penalties and/or assessments levied against Defendant in connection with this Agreement.

13.     <u>Condition Precedent</u>.     This Agreement shall not be binding on the Defendant unless and until the Board of Trustees of the Defendant formally approves of this settlement and such formal approval has been communicated to counsel for Plaintiff.

14.     <u>Authority to Execute Agreement</u>.     The Action was filed by T.S. by and through her next friend, JERAMIE STRUTHERS prior to T.S.'s eighteenth (18th) birthday.  Given that T.S. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that T.S. lacked the legal capacity to waive and release the claims released herein.

The Action was filed by J.M.B. by and through her next friend, JAMES BRANDT prior to J.M.B.'s eighteenth (18th) birthday.  Given that J.M.B. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that J.M.B. lacked the legal capacity to waive and release the claims released herein.

The Action was filed by J.E.B. by and through her next friend, JAMES BRANDT prior to J.E.B.'s eighteenth (18th) birthday.  Given that J.E.B. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that J.E.B. lacked the legal capacity to waive and release the claims released herein.

The Action was filed by E.A. by and through her next friend, HAZEL BRANDT prior to E.A.'s eighteenth (18th) birthday.  Given that E.A. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that E.A. lacked the legal capacity to waive and release the claims released herein.

{00514357.DOCX}



STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

The Action was filed by C.K. by and through her next friend, TERESA HILL prior to C.K.'s eighteenth (18th) birthday. Given that C.K. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that C.K. lacked the legal capacity to waive and release the claims released herein.

The Action was filed by G.K. by and through her next friend, LESLIANN JONES prior to G.K.'s eighteenth (18th) birthday. Given that G.K. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that G.K. lacked the legal capacity to waive and release the claims released herein.

Performance of the District's obligations under this Agreement is expressly conditioned on approval of the minor's compromise by the court.

15. <u>Severability</u>. Should it be determined by a court that any term of this Agreement is unenforceable, that term shall be deemed to be deleted. However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable terms.

16. <u>Modifications</u>. This Agreement may be amended only by a written instrument executed by all parties hereto.

17. <u>Cooperation</u>. Plaintiffs and their attorneys acknowledge, individually and collectively, that the parties will do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Agreement.

18. <u>Interpretation; Construction</u>. The headings set forth in this Agreement are for convenience only and shall not be used in interpreting this Agreement. This Agreement has been drafted by legal counsel representing Defendant, but Plaintiffs and their counsel have fully participated in the negotiation of its terms. Plaintiffs acknowledge, individually and collectively, that they have had an opportunity to review and discuss each term of this Agreement with legal counsel and, therefore, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____



*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

19.   Entire Agreement.   Plaintiffs and their attorneys declare and represent, individually and collectively, that no promise, inducement or agreement not herein discussed or otherwise set forth in the incorporated Statement of Commitment has been made between the parties, and that this Agreement, along with the incorporated Statement of Commitment contains the entire expression of agreement between the parties on the subjects addressed herein.

20.   Counterparts.   This Agreement may be executed in counterparts.   The execution of a signature page of this Agreement shall constitute the execution of the Agreement, and the Agreement shall be binding upon Plaintiffs and their attorneys, individually and collectively, upon the District signing and the Board of Trustees of the Defendant formally approving the Agreement including the incorporated Statement of Commitment.

21.   Advice of Counsel.   Plaintiffs declare and represent, individually and collectively, that they are executing this Agreement with full advice from their legal counsel, and that they intend that this Agreement shall be complete and shall not be subject to any claim of mistake, and that the release herein expresses a full and complete release and, regardless of the adequacy or inadequacy of the consideration, intends the release herein to be final and complete.   Plaintiffs, individually and collectively, execute this release with the full knowledge that this release covers all possible claims related to this Action, to the fullest extent permitted by law.

## SUBSTANTIVE RELIEF - STATEMENT OF COMMITMENT

Defendant agrees that in consideration of Plaintiffs agreeing to enter into the Agreement, Defendant (also referred to below as "District") shall comply with and/or perform the following terms and conditions.

## I.   Participation Opportunities

### A. Survey

1.   Consistent with the policy interpretation published by the Office for Civil Rights (hereinafter "OCR") entitled "A Policy Interpretation: Title IX and Intercollegiate Athletics (1979)" (hereinafter the "Policy Interpretation") and later OCR guidance, the District will conduct an annual survey of student athletic interests with a focus on finding out which teams/sports/levels its female students would like to play (on) in

{00514357.DOCX}

STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

greater numbers.  The survey will be distributed to all students for completion.

## B.  Proportionality

1.  The District will commit to the goal of satisfying Section VII.C.5.a.(1) of the Policy Interpretation and later related OCR guidance ("Prong One") within 3 years of the Effective Date of this Agreement.
2.  The District will add girls' field hockey as an interscholastic sport in the 2018-19 school year.
3.  The District will add competitive cheer as an interscholastic sport in the 2017-18 school year.
4.  The District will institute a no cut policy for girls' sports at levels below varsity until the District satisfies Prong One, with multiple teams at levels below varsity if there is sufficient interest.
5.  The District will assess the current interests and abilities of its female students and take steps to add athletic participation opportunities as appropriate to meet those interests and abilities, provided that the interests expressed are sufficient to support a viable team in a sport sanctioned (anywhere in the state, not just in the Northern Section) by the California Interscholastic Federation (hereinafter the "CIF") and/or in fencing and bowling (if those sports are not already sanctioned by the CIF), and that there is sufficient competitive opportunity among the schools in the Northern Section of the CIF (specifically, at least two other schools offering the same level of the sport).  The District will send letters to the Superintendents of all schools in the Northern Section of the CIF (hereinafter "Northern Section") and the executive management of the Northern Section advocating for, and voting for, the addition of sports/levels in the leagues and conferences in which RBHS is a part, in relation to sports identified as popular among female students through surveying, including but not limited to field hockey, lacrosse, badminton, water polo, fencing and bowling.
6.  The District understands that Title IX does not require that it cut teams or reduce opportunities for students who are participating in interscholastic athletics in order to comply with the provisions of Title IX relating to the effective accommodation of the interests and abilities of female students.  The District may not meet its obligations to girls under this Plan by summarily reducing the

STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

quality or quantity of athletic participation opportunities or athletic treatment and benefits for boys.

## II.   Treatment and Benefits

### A. Provision of Locker Rooms, Practice, and Competitive Facilities

1.   Softball Fields – Varsity and Junior Varsity Locations

   a.   By the 2017-18 softball season, the District will add bullpens, an electronic scoreboard, a press box, announcing equipment and a sound system, comparable to the amenities at boys' varsity baseball fields. By the 2018-19 softball season (and unless a new softball field is to be constructed), the District will provide the varsity softball field with cinder block dugouts comparable to the boys' varsity baseball dugouts, and provide the JV softball field with spectator seating along the first base line.

   b.   By the start of the 2017-18 softball season, the District will provide concession amenities to the girls' varsity softball team comparable to that provided the boys' varsity baseball team during home games.

   c.   Effective immediately, the District will provide equitable access that is not weather dependent (i.e., during inclement weather) to the softball and baseball teams of the hitting facility located next to the boys' varsity baseball field. The District will schedule use of the facility in advance so that the teams have use at comparable times of the day, and comparable days during the week and on the weekends.

   d.   The softball team will continue to have exclusive access to the batting cage located next to the varsity softball field. By the 2018-19 softball season, the District will provide some durable, protective, weather-proof covering over the batting cage.

   e.   By the start of the 2017-18 softball season, the District will also provide the softball coaches with keys to access the restrooms in the Performing Arts Center and will leave the facilities unlocked during games.

   f.   By the start of the 2017-18 softball season, the District will prepare both the junior varsity and varsity softball fields to

{00514357.DOCX}

STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

ensure that the fields are safe and appropriate for competition, and comparable in quality to the boys' varsity baseball field.

g. Any other improvements to athletics facilities not addressed in this Agreement and not including improvements to the stadium field need to be approved by the Title IX Consultant to ensure gender-equity before the improvements can be made in a timely manner.

2. Storage

a. The District will provide girls' sports with exclusive use of newly constructed wooden square storage units in the gymnasium foyer storage room comparable to the storage provided in the boys' locker room.

b. On an annual basis, the Title IX Coordinator will review the storage provided boys' and girls' teams to ensure they are gender-equitable.

3. Locker and Team Rooms

a. The District will ensure (absent circumstances outside the District's control, not including District funding) that by the end of the 2018-19 school year a comparable number and quality of lockers and team rooms are available for its female and males athletes. The District will ensure (absent circumstances outside the District's control) that by the end of the 2018-19 school year a comparable number and quality of lockers and team rooms are available for visiting female and male teams.

b. The District will ensure (absent circumstances outside the District's control, not including District funding) by the end of the 2018/19 school year that it will split the athletes' side of the boys' locker room into two equal parts for exclusive use by boys' and girls' teams as designated team rooms.

c. The District will ensure (absent circumstances outside the District's control, not including District funding) by the end of the 2018/19 school year that the lockers in the boys' and girls' locker rooms will be altered to the extent necessary to make sure that the lockers in the locker rooms are equal in number and size.

{00514357.DOCX}

STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

    d.  The District will ensure (absent circumstances outside the District's control, not including District funding) by the end of the 2018-19 school year that the girls' and boy's locker rooms and team rooms have the same amenities as appropriate.

    e.  The District will ensure (absent circumstances outside the District's control, not including District funding) by the end of the 2018-19 school year that all visiting teams (except football) will have access to use of the weight room for competitions. Appropriate privacy will be provided. Given the number of athletes on football teams, visiting football teams will have the option of using the boys' Physical Education locker room.

    f.  Effective immediately, the annex locker room/team room will be used by the football program from June 1st through the latter of December 1st or 7 calendar days after the last game of the football season. Girls' teams will use the annex locker room from December 2nd through the latter of May 31st or 7 calendar days after the last game of any girls' team using the annex locker room/team room with prioritization for girls' soccer's usage in the winter season and girls' softball's usage in the spring season. All sports teams and coaches of such teams will vacate the annex locker room/team room in concert with the timing described above. Access to the annex locker room includes storage for equipment during the designated time period.

    g.  Effective immediately, all coaches of girls' and boys' teams shall be given keys to any and all relevant locker rooms, team rooms, and restroom spaces as of the first day of practice of any given season with a log of such receipt of keys (including clearly printed names, signatures, sport, and level, and rooms to which the key(s) correspond) to evidence which coaches received such keys.

    h.  Effective immediately, the District will ensure that all relevant locker rooms, team rooms, and restroom spaces (appropriate for the needs of the teams that are practicing or competing) are unlocked during practices and competitions such that all female athletes can access such spaces as needed to prepare for and participate in practices/competitions.

4.   Stadium Field

{00514357.DOCX}

STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

    a.  If the stadium field is a grass field, the District will only demark those lines for the sport of the team using the field at the time for a competition.

    b.  If the stadium is a synthetic turf field, the football field will be demarked in white, the soccer field will be demarked in a prominent color, and other sports that may use the field (e.g., lacrosse, field hockey) will be demarked in colors that are comparably evident.

    c.  The District will ensure that signage (e.g., RBHS information, sponsorships, etc.) around and on the stadium field will be gender neutral.

5. Assignment of Practice and Competition Spaces

    a.  The District will assign all athletic spaces for practices (e.g., open gym) and competitions in a gender equitable manner, to be documented in writing, maintained by the Athletic Director, posted internally and circulated (as appropriate) to coaches.

    b.  On an annual basis, the Title IX Coordinator will review the assigning of athletic spaces for practices and competitions to ensure that the spaces are equitably assigned based on gender.

6. Maintenance

    a.  The District will provide equitable maintenance for all facilities used by female and male athletes, and keep written maintenance schedules maintained by the Athletic Director.

    b.  On an annual basis, the Title IX Coordinator will review the athletic facilities maintenance schedules to ensure that the athletic facilities are maintained on a gender-equitable basis.

## B. Equipment and Supplies

1. By the end of the 2017-18 school year and annually thereafter, the Athletic Director in consultation with the coaches of each team will conduct an inventory of uniforms, supplies (including any nutritional support provided) and equipment for every sport. The Title IX Coordinator will review the inventory on annual basis and determine if

{00514357.DOCX}

STRUTHERS *JAS*
J. BRANDT *JB*
H. BRANDT *HB*
HILL *JH*
JONES *JJ*
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

there are any inequities and, if so, the District will to remedy those inequities by March 1, 2019.

2. The District will replace uniforms on a gender equitable and rotating basis. The District will develop the uniform replacement schedule within six months of the Effective Date of this Agreement. The schedule will be maintained by the Athletic Director.

3. For the start of the 2017-18 softball season, the District will provide softball program participants with home and away jerseys and pants, practice apparel and gear (including but not limited to duffel bags, visors, hats) comparable to the boys' baseball program.

## C.  Medical Training Services

1. Medical services in the training room will be provided on a "first come, first served" basis. The only exceptions to this policy are that a primary priority will be given to athletes with emergency medical needs, and a secondary priority will be given to athletes who have games that day based on the timing of their travel and game time.

2. On an annual basis, the Title IX Coordinator will review the provision of medical services in the training room to ensure that its "training priority" policy is enforced consistently and in a gender-equitable manner.

3. The "training priority" policy will be posted in the training room.

4. All student trainees will be advised of the "training priority" policy.

## D.  Athletic Training Services

1. The District will stock lighter weights (e.g., dumbbells and kettle bells) in the weight room.

2. Gender neutral signage (including photos and demonstrative posters) will be posted in the weight room.

3. The District will survey all coaches about their needs for the weight room. The Title IX Coordinator will assess the results of those surveys and make recommendations to remediate any gender inequity.

4. The District will provide equal white board usage for all teams in the weight room. All content on the white board will be erased after each use by a team to free such space for other athletes/coaches/teams.

5. The District will ensure equal access to the weight room for female students/athletes/coaches.

{00514357.DOCX}

STRUTHERS _____
J. BRANDT _____
H. BRANDT _____
HILL _____
JONES _____
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

6. On an annual basis, the Title IX Coordinator will review the athletic training services to ensure that the services are provided on a gender-equitable basis.

## E. Coaching

1. The District will provide equitable coaching for boys' and girls' teams subject to the Education Code section 44919 and any other applicable federal and state laws.
2. On an annual basis, the Title IX Coordinator will review the assignment and qualifications of the coaches to ensure gender-equity and comparability subject to applicable federal and state laws.

## F. Publicity & Promotion_

1. Starting November 1, 2017, the District will provide cheerleaders for all home games for girls' basketball and volleyball at all levels.
2. Starting November 1, 2017, the District will provide sport-specific programs for all home games for girls' basketball and volleyball at all levels.
3. Starting November 1, 2017, the District will provide the band for all home games for girls' varsity basketball games. Due to space and volume considerations, the entire band may not play at all games; however, the District will ensure that a significant percentage of the band appears for all games.
4. Starting November 1, 2017, the District will update the Red Bluff High School's (hereinafter "RBHS") official website home web page (currently rbhs.rbhsd.org) and "Athletics" web page (currently rbhs.rbhsd.org/apps/pages/index.jsp?uREC_ID=410555&type=d&pREC_ID=896186) to include pictures of male and female students on a gender- equitable basis.
5. The District will ensure gender neutral references to its athletic facilities in publicity/promotional materials except for the tennis court.
6. Effective immediately, the District will take steps to ensure gender equity in announcements, pep rallies, yearbook coverage, school newspaper coverage and placement of trophies/banners.
7. The District will ensure equity in the provision of awards, banquets, and team meals it provides to male and female athletes. The District will not need to ensure equity in the provision of meals by player

{00514357.DOCX}

STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

parents paid for by the parents' personal funds (i.e., funds from sources other than District, ASB and/or booster accounts). The District will provide cafeteria space for meals provided by player parents on an equitable basis.

8.  The District will ensure that publicity and promotion (e.g., RBHS information, sponsorships, etc.) will be gender neutral.

9.  On an annual basis, the Title IX Coordinator will review the publicity and promotion the District provides to all of its teams to ensure gender-equity and comparability.

## G. Scheduling

1.  The District will require all coaches to submit their nonleague scheduling to the Title IX coordinator.

2.  The District will publicly post all game schedules for each of its athletic teams at all levels on one or more of the RBHS "Athletics" web page(s).

3.  The District will advocate and vote for gender-equitable scheduling within the league.

4.  On an annual basis, the Title IX Coordinator will review the scheduling (regular season and non-league) provided by all of the District's athletics teams to ensure gender-equity and comparability.

## H. Fundraising Opportunities, Budgets, and Booster Club

1.  All athletics-related donations from third parties need to be approved by the Title IX Coordinator to ensure Title IX compliance before they will be accepted by the District.

2.  The District will create and implement a comprehensive policy to oversee booster club funding and any other private donations (including monetary and in-kind (e.g., non-monetary)) flowing into the athletics program. The policy will ensure that if booster clubs or other outside sources provide benefits and services to athletes of one sex that are greater than the benefits and services provided to the other sex, the District will take action to ensure that the benefits and services are equivalent for both sexes.

3.  Usage of Red Bluff High School athletics facilities by non-Red Bluff High School students, and facility use permits granted by Red Bluff High School to third party leagues and teams will be regularly monitored by the Athletic Director and/or the Title IX Coordinator to

{00514357.DOCX}

STRUTHERS _JAS_
J. BRANDT _JB_
H. BRANDT _HB_
HILL _JH_
JONES _M_
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

ensure such permitting and usage by third parties is gender equitable subject to applicable federal and state laws.

4. The District will ensure that annual training is provided to any/all coaches regarding Title IX fundraising requirements and District policies and procedures.

5. The District will maintain annual records of expenses, budgeted and expended, from the District's General Fund and the Associated Student Body (ASB) account for each sport by gender in the athletics program. These records will include information about the following categories: equipment and supplies (including uniforms and gear), salaries and stipends for coaches and other athletics personnel (including medical and training personnel and tutors), travel/transportation, medical or physical fitness training, officials, game/tournament fees, conference/clinic costs, camps, league/conference dues, and awards/banquets/events and recruitment. The District will also maintain annual records of revenues (from all sources, including monetary and non-monetary contributions) to the District's General Fund and the ASB account for each sport by gender in the athletics program. The District will provide reports with this information to the Board in December, March, June, and September of each year.

6. On an annual basis, the Title IX Coordinator will review the implementation of the policy and reporting requirements set forth in this Section H.

## III. __Independent Title IX Consultant__

### A. Selection

The District will retain an Independent Title IX Consultant to oversee and monitor the implementation of this Agreement. The parties shall exchange proposed names and qualifications for the Independent Title IX Consultant within 30 days of the Effective Date and, within 45 days, shall endeavor to agree upon a candidate. If the parties cannot mutually agree upon an Independent Title IX Consultant, within 60 days, then one will be selected by the Mediator with consideration of the parties' input, except for the parties' expert(s).

### B. Costs

{00514357.DOCX}

STRUTHERS ___
J. BRANDT ___
H. BRANDT ___
HILL ___
JONES ___
DISTRICT ___

*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

The District will pay the Independent Title IX Consultant's costs, not to exceed $20,000 per year.

## C. Monitoring and Reporting

1. The term of the Title IX Consultant will be three years from the time a contract with the consultant is executed. If the capital improvement projects discussed above are not completed by the expiration of that term, the Title IX Consultant will continue to monitor those unfinished projects through completion. If the United States District Court for the Eastern District of California extends its jurisdiction over this matter beyond three years pursuant to Section III.C.4, the term of the Title IX Consultant will be extended consistent therewith.

2. The District will submit reports on the implementation of the Agreement, including supporting documentation, to the Title IX Consultant, with three (3) reports per year, on October 1, February 1 and May 1. Any reports submitted to the Title IX Consultant will also be submitted to the Board, the Plaintiffs, and Plaintiffs' counsel. If the Title IX Consultant determines that the District has failed to comply with the Agreement after notice to the District and an opportunity to take appropriate action to address the non-compliance, then the Title IX Consultant will inform the parties in writing of the failure to comply with the Agreement within 30 calendar days.

3. The District will permit site inspections by the Title IX Consultant with a maximum of one inspection per year.

4. The U.S. District Court for the Eastern District of CA will retain continuing jurisdiction over this matter for three (3) years from the Effective Date of this Agreement with the ability to extend jurisdiction for noncompliance. The parties will meet and confer before Plaintiffs file any motion to extend court jurisdiction.

## IV.   Other Items

### A. Reasonable Attorneys' Fees and Costs to Date

1. The District will pay the Plaintiffs' attorneys' $282,500.00 for fees and costs incurred by the Plaintiffs in connection with the underlying litigation. Payment will be made within 30 calendar days of the Effective Date of this Agreement. The District will owe no additional

{00514357.DOCX}

STRUTHERS _JAS_
J. BRANDT _JB_
H. BRANDT _HB_
HILL _JH_
JONES _CC_
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

attorneys' fees to the Plaintiffs or their counsel in connection with the underlying litigation regardless of whether the Plaintiffs incur additional attorneys' fees and costs after this Agreement is executed, except as set forth in item 2.

2. If Plaintiffs prevail in court for an extension of jurisdiction or to enforce this Agreement, Plaintiffs shall have the right to collect from the District its reasonable costs and attorneys' fees incurred in those proceedings.

**B. Training, Policies, and Procedures**

1. The District will provide Title IX training for all of its administrators (including the Athletics Director) and athletics coaches on an annual basis. The District will provide a one-time Title IX training to current members of the District's Board of Trustees (hereinafter, the "Board") at a Board meeting within six months of the Effective Date of this Agreement. Thereafter, the District will provide Title IX training to a Board member upon election within the first six months of the beginning of the term.

2. The District will not retaliate against anyone for their participation in the underlying class action lawsuit or for their Title IX advocacy on behalf of female athletes. The word "retaliation" here has the normal meaning ascribed to it in the context of a retaliation claim brought under Title IX.

3. The District will designate a Title IX Coordinator and publish the contact information of that person as required by applicable federal and state law. The District will provide training to the Title IX Coordinator.

4. The District will provide a publicly-available complaint procedure for filing a Title IX discrimination complaint. The District will post that procedure on the RBHS website.

5. The District will include any and all information required under California Education Code section 221.61 to be posted on the District's website. The District will add a section to its athletics handbook that includes a link to the RBHS website providing a description of Title IX rights.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS RELATED TO AND ARISING FROM THIS ACTION.WHEREFORE, THE PLAINTIFF HAS VOLUNTARILY EXECUTED THIS AGREEMENT ON**

{00514357.DOCX}

STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

## THE DATES SHOWN BELOW.

Dated: 10/30/17          By: _____
                              JERAMIE STRUTHERS on behalf of
                              ███████████████████, as
                              ██████████████████' next
                              friend

Dated: 10-30-17          By: _____
                              JAMES BRANDT on behalf of ██████
                              ██████████████, as █████████
                              next friend

Dated: 10-30-17          By: _____
                              JAMES BRANDT on behalf of ██████████
                              ████████████████, as ████████
                              ████████████ next friend

Dated: 10/30/17          By: _____
                              HAZEL BRANDT on behalf of
                              ████████████████████ as ████
                              █ next friend

Dated: 10/30/2017        By: _____
                              TERESA HILL on behalf of
                              ██████████████████ as ████
                              ████████████ next
                              friend

Dated: 11/30/17          By: _____
                              LESLIANN JONES on behalf of
                              ███████████████████, as

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

████████████████████next friend

Dated: _____        By: _____

                                         **TODD BROSE, Superintendent, on behalf of RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT**

{00514357.DOCX}

STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

APPROVED AS TO FORM:

SIEGEL & YEE

Daniel Siegel, Esq.
Jane Brunner, Esq.
EmilyRose Johns, Esq.
Attorneys for Plaintiffs

LEGAL AID AT WORK

Elizabeth Kristen, Esq.
Kim Turner, Esq.
Attorneys for Plaintiffs


LEONE & ALBERTS


Louis A. Leone, Esq.
Jimmie E. Johnson, Esq.
Attorneys for Defendant Red Bluff Joint
Union High School District

{00514357.DOCX}

STRUTHERS
J. BRANDT
H. BRANDT
HILL
JONES
DISTRICT

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

Page 1 of 22

SETTLEMENT AGREEMENT,
INCORPORATED STATEMENT OF COMMITMENT,
AND
RELEASE OF CLAIMS

This Settlement Agreement, Incorporated Statement of Commitment, and Release of Claims ("Agreement") is made between ███████████████ ("T.S.") by and through her next friend JERAMIE STRUTHERS, ███████████ ("J.M.B.") and ███████████ ("J.E.B.") by and through their next friend JAMES BRANDT, ███████████ ("E.A.") by and through her next friend HAZEL BRANDT, ███████████ ("C.K.") by and through her next friend TERESA HILL, and ███████████ ("G.K.") by and through her next friend LESLIANN JONES (hereinafter collectively referred to as "Plaintiffs") on the one hand; and RED BLUFF JOINT UNION HIGH SCHOOL DISTRICT, its employees, past and present, its board members, past and present, staff, elected officials, administrators, attorneys, and all personnel (hereinafter collectively referred to as "Defendant") on the other hand, with respect to the following:

**RECITALS**

A.    On March 7, 2017, T.S., J.M.B., J.E.B., and E.A., initiated a class action against Defendant in the United States District Court for the Eastern District of California, designated Case No. 2:17-cv-00489 ("the Action") alleging various violations of Title IX of the Education Amendments of 1972 against Defendant, including, but not limited to unequal treatment and benefits, unequal participation opportunities, and retaliation;

B.    On April 6, 2017, all Plaintiffs filed a first amended complaint to the Action, again alleging various violations of Title IX of the Education Amendments of 1972, including, but not limited to unequal treatment and benefits, unequal participation opportunities, and retaliation;

C.    On April 27, 2017, all Plaintiffs filed a second amended complaint to the Action, again alleging various violations of Title IX of the Education Amendments of 1972, including, but not limited to unequal treatment and benefits, unequal participation opportunities, and retaliation;

D.    Defendant has denied and continues to deny and dispute Plaintiffs' claims and allegations;

{00514357.DOCX}

STRUTHERS \_\_\_\_
J. BRANDT \_\_\_\_
H. BRANDT \_\_\_\_
HILL \_\_\_\_
JONES \_\_\_\_
DISTRICT \_\_\_\_

E.    In order to avoid the substantial expense and inconvenience of further litigation, the parties now desire to finally settle all claims asserted by Plaintiffs in the Action, as well as all issues that were raised or could have been raised in the Action by Plaintiffs, as well as any claims or potential claims arising from any transactions or occurrences asserted by Plaintiffs against Defendant and all persons to date concerning the subject matter of the Action, on the terms set forth in this Agreement.

F.    Because one or more of Plaintiffs are minors, the parties understand that this settlement is contingent upon court approval pursuant to Federal Rule of Civil Procedure 17(c), and Local Rule 202(b)(2) of the United States District Court for the Eastern District of California (the "Eastern District").

THEREFORE, IN CONSIDERATION OF THE PROMISES CONTAINED HEREIN, IT IS HEREBY AGREED AS FOLLOWS:

1.    Effective Date.  This Agreement shall become effective upon all of the following: (1) all parties and their respective counsel executing this agreement where indicated below; (2) Defendant's Board of Trustees formally approving this Agreement as set forth in Paragraph 13 below; and (3) the Eastern District approving this Agreement as set forth in Paragraph 6 below. ("Effective Date").

2.    Performance and Payment.  In exchange for the promises and warranties of Plaintiffs as set forth below, Defendant shall: (1) perform the obligations set forth in the Statement of Commitment provided in full below ("Statement of Commitment"); (2) pay the total sum of $282,500.00 (Two Hundred Eighty Two Thousand Five Hundred Dollars and Zero Cents) jointly to Plaintiffs' attorneys of Siegel, Yee and Brunner and Legal Aid at Work (check payable to Siegel, Yee & Brunner, 499 14th Street, Oakland, CA 94612). Payment will be made either (a) within 30 calendar days of the Effective Date, or (b) within 30 days of all Plaintiffs' attorneys providing Defendant completed Form W-9s, whichever occurs last.

Plaintiffs and their attorneys, individually and collectively, acknowledge that Defendant has made no representation about, and takes no position as to, the apportionment and/or characterization of the settlement proceeds.  Any dispute between Plaintiffs and their counsel, or with any third party, regarding the manner in which these settlement proceeds have been apportioned or characterized shall not affect the validity of this Agreement.  Moreover, should such a dispute arise, Plaintiffs, individually and collectively, agree to defend, indemnify and hold Defendant harmless from liability, losses, claims, damages, costs or expenses, including attorneys' fees, arising from said dispute.

{00514357.DOCX}

STRUTHERS _____
J. BRANDT _____
H. BRANDT _____
HILL _____
JONES _____
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

All Plaintiffs' attorneys shall be issued IRS Form 1099s in the respective amounts set forth above by Defendant and/or on its behalf.

3.    Release of Claims. Plaintiffs, and each of their respective past and present successors, assigns, legatees, heirs and personal representatives release and forever discharge Defendant, and each of their respective past and present divisions, affiliates, predecessors, successors, assigns, officers, directors, employees, attorneys, contractors, subcontractors, agents, and representatives and all persons acting by, through, under or in concert with them ("Released Parties") from, without limitation, any and all claims, rights, demands, actions, obligations, damages, liabilities, and causes of action of any and every kind, nature and character whatsoever, whether based in tort, contract, statute or on any other theory of recovery, whether known or unknown, and whether for equitable relief, statutory penalties, compensatory or punitive damages, which Plaintiffs have or could have asserted against Defendant based upon the facts alleged in the Complaint ("Released Claims").

4.    Unknown or Different Facts or Law. Plaintiffs acknowledge, individually and collectively, that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to the Released Claims. Plaintiffs agree nonetheless, individually and collectively, that this Agreement and the release contained therein shall be and remain effective in all respects notwithstanding such different or additional facts or law.

5.    California Civil Code Section 1542 Waiver. With respect to the Released Claims only, Plaintiffs, individually and collectively, expressly acknowledge and agree that the release contained in this Agreement includes a waiver of all rights under Section 1542 of the California Civil Code. That statute reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OF OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs, individually and collectively acknowledge that they have read all of this Agreement, including the above Civil Code section, and that they fully understand both the Agreement and the Civil Code section. Plaintiffs, individually and collectively waive

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

any benefit and right granted to them pursuant to Civil Code section 1542 as it pertains to the Released Claims.

6.   Motion for Approval of Minor's Compromise.   Plaintiffs agree, individually and collectively, to file a motion with the Eastern District for approval of this Agreement within 5 days of execution by all parties, and notice said motion for hearing at the earliest possible date allowed by the Court, should such a hearing be necessary. Plaintiffs agree, individually and collectively, to make the motion pursuant to Local Rule 202(b) and all other applicable federal and state laws. Defendant agrees to file a statement of non-opposition to the motion for approval.

7.   Continuing Court Jurisdiction and Dismissal of Action. Plaintiffs' counsel agree, individually and collectively, that at the time they provide Defendant's counsel with completed Form W-9s, they will simultaneously forward to Defendant's counsel an executed request for conditional dismissal without prejudice of the entire action, each party to bear its own costs and fees, with the exception of Paragraph 2 above and as set forth in the Statement of Commitment below, and each party consenting to the continuing jurisdiction of the Court for the purposes of enforcing this Agreement as set forth below in this paragraph and in Section III.C.4 of the incorporated Statement of Commitment below. Plaintiffs and their counsel further acknowledge, individually and collectively, that Plaintiffs will file said dismissal with the Eastern District within five (5) business days of the Agreement being fully executed by the Parties, in a manner compliant with Federal Rule of Civil Procedure 41 and any other applicable federal and state laws upon payment of the settlement funds. The motion filed by Plaintiffs shall ask that the Court enter the Agreement as an order of the Court pursuant to Federal Rule of Civil Procedure 41 (a)(2), and conditionally dismiss the complaint in this action without prejudice pursuant to Rule 41 (a)(2), while retaining jurisdiction to enforce the Agreement. The parties will ask the Court to place the case on the Court's inactive docket subject to recall to the active docket should it be necessary for either party to move the Court for an order to enforce a term or terms of the Agreement. If the Court grants the parties' motion for a conditional dismissal, then a conditional dismissal will be followed by a final dismissal with prejudice either on performance of the terms of the Agreement at the end of the three year term, or as stipulated to by the parties unless Plaintiffs successfully petition to extend the term of the Agreement. Such an extension shall be limited to those provisions of the Agreement that Plaintiffs successfully petitioned to have extended rather than the entire Agreement.

8.   No Prior Assignments or Liens. Plaintiffs, individually and collectively, represent and warrant that they have not assigned to any other person or entity any

{00514357.DOCX}

STRUTHERS _____
J. BRANDT _____
H. BRANDT _____
HILL _____
JONES _____
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

Released Claim. Plaintiffs further represent and warrant, individually and collectively, that if there are any liens or claims against any of the amounts being paid by Defendant as provided in this Agreement, including, but not limited to, any by former counsel, that said liens or claims will be borne by Plaintiffs herein. Plaintiffs agree, individually and collectively, to defend, indemnify and hold Defendant harmless from any liability, losses, claims, damages, costs or expenses, including reasonable attorneys' fees, arising out of a breach of the representations and warranties contained in this paragraph.

9.    No Admissions.  By entering into this Agreement, Plaintiffs acknowledge, individually and collectively, that it is the position of Defendant that it has not engaged in, or is now engaging in, any unlawful conduct.  Plaintiffs understand and agree, individually and collectively, that this Agreement is not an admission of liability by Defendant, and that Defendant specifically denies liability in the Action and intends merely to avoid further litigation and expense by entering into this Agreement. Plaintiffs understand and agree, individually and collectively, that neither this Agreement nor any terms hereof shall be admissible in any other or future proceedings against Defendant, except a proceeding to enforce this Agreement.

10.    Covenant Not to Sue.  Plaintiffs agree, individually and collectively, to the fullest extent permitted by law, that they will not initiate or file a lawsuit or administrative proceeding or internal grievance proceeding, individually or collectively, to assert any Released Claim except in connection with filing an action to enforce this Agreement (which incorporates the Statement of Commitment).  Plaintiffs understand and agree, individually and collectively, that if any such action is brought, this Agreement will constitute an Affirmative Defense thereto, and Defendant shall be entitled to recover reasonable costs and attorneys' fees incurred in defending against any Released Claims as set forth in paragraph 2.  Nothing in this provision shall preclude Plaintiffs from filing an action to enforce this Agreement (including the incorporated Statement of Commitment).

11.    Attorneys' Fees and Costs.  Plaintiffs agree, individually and collectively, to bear their own attorneys' fees and expenses incurred in connection with the Action, or any Released Claim, except as may be otherwise set forth in this Agreement and the incorporated Statement of Commitment.

12.    Tax Consequences.  Plaintiffs acknowledge, individually and collectively, that Defendant has made no representation about and takes no position on the tax consequences of this Agreement.  A dispute regarding the tax status of this Agreement shall not affect the validity of this Agreement.  Plaintiffs acknowledge and agree that they have had an opportunity to discuss the potential tax consequences of this Agreement with

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

their own counsel and agree to indemnify and hold harmless Defendant from any and all costs and assessments including, but not limited to delinquent taxes, penalties and/or assessments levied against Defendant in connection with this Agreement.

13.   Condition Precedent.   This Agreement shall not be binding on the Defendant unless and until the Board of Trustees of the Defendant formally approves of this settlement and such formal approval has been communicated to counsel for Plaintiff.

14.   Authority to Execute Agreement.   The Action was filed by T.S. by and through her next friend, JERAMIE STRUTHERS prior to T.S.'s eighteenth (18th) birthday.   Given that T.S. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that T.S. lacked the legal capacity to waive and release the claims released herein.

The Action was filed by J.M.B. by and through her next friend, JAMES BRANDT prior to J.M.B.'s eighteenth (18th) birthday.   Given that J.M.B. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that J.M.B. lacked the legal capacity to waive and release the claims released herein.

The Action was filed by J.E.B. by and through her next friend, JAMES BRANDT prior to J.E.B.'s eighteenth (18th) birthday.   Given that J.E.B. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that J.E.B. lacked the legal capacity to waive and release the claims released herein.

The Action was filed by E.A. by and through her next friend, HAZEL BRANDT prior to E.A.'s eighteenth (18th) birthday.   Given that E.A. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that E.A. lacked the legal capacity to waive and release the claims released herein.

{00514357.DOCX}

STRUTHERS \_\_\_\_
J. BRANDT \_\_\_\_
H. BRANDT \_\_\_\_
HILL \_\_\_\_
JONES \_\_\_\_
DISTRICT \_\_\_\_

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

The Action was filed by C.K. by and through her next friend, TERESA HILL prior to C.K.'s eighteenth (18th) birthday. Given that C.K. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that C.K. lacked the legal capacity to waive and release the claims released herein.

The Action was filed by G.K. by and through her next friend, LESLIANN JONES prior to G.K.'s eighteenth (18th) birthday. Given that G.K. is a minor and by this Agreement waives and releases claims against Defendant and the Released Parties, Plaintiffs herein agree, individually and collectively, to do all things necessary and to execute all further documents necessary and appropriate to obtain Court approval of this minor's compromise in order to eliminate any claim that G.K. lacked the legal capacity to waive and release the claims released herein.

Performance of the District's obligations under this Agreement is expressly conditioned on approval of the minor's compromise by the court.

15.     Severability.  Should it be determined by a court that any term of this Agreement is unenforceable, that term shall be deemed to be deleted.  However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable terms.

16.     Modifications.  This Agreement may be amended only by a written instrument executed by all parties hereto.

17.     Cooperation.  Plaintiffs and their attorneys acknowledge, individually and collectively, that the parties will do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Agreement.

18.     Interpretation; Construction.  The headings set forth in this Agreement are for convenience only and shall not be used in interpreting this Agreement.  This Agreement has been drafted by legal counsel representing Defendant, but Plaintiffs and their counsel have fully participated in the negotiation of its terms.   Plaintiffs acknowledge, individually and collectively, that they have had an opportunity to review and discuss each term of this Agreement with legal counsel and, therefore, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

{00514357.DOCX}

STRUTHERS _____
J. BRANDT _____
H. BRANDT _____
HILL _____
JONES _____
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

19.    Entire Agreement.  Plaintiffs and their attorneys declare and represent, individually and collectively, that no promise, inducement or agreement not herein discussed or otherwise set forth in the incorporated Statement of Commitment has been made between the parties, and that this Agreement, along with the incorporated Statement of Commitment contains the entire expression of agreement between the parties on the subjects addressed herein.

20.    Counterparts.  This Agreement may be executed in counterparts.  The execution of a signature page of this Agreement shall constitute the execution of the Agreement, and the Agreement shall be binding upon Plaintiffs and their attorneys, individually and collectively, upon the District signing and the Board of Trustees of the Defendant formally approving the Agreement including the incorporated Statement of Commitment.

21.    Advice of Counsel.  Plaintiffs declare and represent, individually and collectively, that they are executing this Agreement with full advice from their legal counsel, and that they intend that this Agreement shall be complete and shall not be subject to any claim of mistake, and that the release herein expresses a full and complete release and, regardless of the adequacy or inadequacy of the consideration, intends the release herein to be final and complete.  Plaintiffs, individually and collectively, execute this release with the full knowledge that this release covers all possible claims related to this Action, to the fullest extent permitted by law.

## SUBSTANTIVE RELIEF – STATEMENT OF COMMITMENT

Defendant agrees that in consideration of Plaintiffs agreeing to enter into the Agreement, Defendant (also referred to below as "District") shall comply with and/or perform the following terms and conditions.

### I. Participation Opportunities

#### A. Survey

1. Consistent with the policy interpretation published by the Office for Civil Rights (hereinafter "OCR") entitled "A Policy Interpretation: Title IX and Intercollegiate Athletics (1979)" (hereinafter the "Policy Interpretation") and later OCR guidance, the District will conduct an annual survey of student athletic interests with a focus on finding out which teams/sports/levels its female students would like to play (on) in

(00514357.DOCX)

STRUTHERS \_\_\_\_
J. BRANDT \_\_\_\_
H. BRANDT \_\_\_\_
HILL \_\_\_\_
JONES \_\_\_\_
DISTRICT \_\_\_\_

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

greater numbers. The survey will be distributed to all students for completion.

## B. Proportionality

1. The District will commit to the goal of satisfying Section VII.C.5.a.(1) of the Policy Interpretation and later related OCR guidance ("Prong One") within 3 years of the Effective Date of this Agreement.

2. The District will add girls' field hockey as an interscholastic sport in the 2018-19 school year.

3. The District will add competitive cheer as an interscholastic sport in the 2017-18 school year.

4. The District will institute a no cut policy for girls' sports at levels below varsity until the District satisfies Prong One, with multiple teams at levels below varsity if there is sufficient interest.

5. The District will assess the current interests and abilities of its female students and take steps to add athletic participation opportunities as appropriate to meet those interests and abilities, provided that the interests expressed are sufficient to support a viable team in a sport sanctioned (anywhere in the state, not just in the Northern Section) by the California Interscholastic Federation (hereinafter the "CIF") and/or in fencing and bowling (if those sports are not already sanctioned by the CIF), and that there is sufficient competitive opportunity among the schools in the Northern Section of the CIF (specifically, at least two other schools offering the same level of the sport). The District will send letters to the Superintendents of all schools in the Northern Section of the CIF (hereinafter "Northern Section") and the executive management of the Northern Section advocating for, and voting for, the addition of sports/levels in the leagues and conferences in which RBHS is a part, in relation to sports identified as popular among female students through surveying, including but not limited to field hockey, lacrosse, badminton, water polo, fencing and bowling.

6. The District understands that Title IX does not require that it cut teams or reduce opportunities for students who are participating in interscholastic athletics in order to comply with the provisions of Title IX relating to the effective accommodation of the interests and abilities of female students. The District may not meet its obligations to girls under this Plan by summarily reducing the

{00514357.DOCX}

STRUTHERS _____
J. BRANDT _____
H. BRANDT _____
HILL _____
JONES _____
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

quality or quantity of athletic participation opportunities or athletic
treatment and benefits for boys.

## II.   Treatment and Benefits

### A.  Provision of Locker Rooms, Practice, and Competitive Facilities

1.  Softball Fields – Varsity and Junior Varsity Locations

    a.  By the 2017-18 softball season, the District will add bullpens, an
electronic scoreboard, a press box, announcing equipment and a
sound system, comparable to the amenities at boys' varsity
baseball fields.  By the 2018-19 softball season (and unless a new
softball field is to be constructed), the District will provide the
varsity softball field with cinder block dugouts comparable to the
boys' varsity baseball dugouts, and provide the JV softball field
with spectator seating along the first base line.

    b.  By the start of the 2017-18 softball season, the District will
provide concession amenities to the girls' varsity softball team
comparable to that provided the boys' varsity baseball team
during home games.

    c.  Effective immediately, the District will provide equitable access
that is not weather dependent (i.e., during inclement weather) to
the softball and baseball teams of the hitting facility located next
to the boys' varsity baseball field.  The District will schedule use
of the facility in advance so that the teams have use at
comparable times of the day, and comparable days during the
week and on the weekends.

    d.  The softball team will continue to have exclusive access to the
batting cage located next to the varsity softball field.  By the
2018-19 softball season, the District will provide some durable,
protective, weather-proof covering over the batting cage.

    e.  By the start of the 2017-18 softball season, the District will also
provide the softball coaches with keys to access the restrooms in
the Performing Arts Center and will leave the facilities unlocked
during games.

    f.  By the start of the 2017-18 softball season, the District will
prepare both the junior varsity and varsity softball fields to

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

ensure that the fields are safe and appropriate for competition, and comparable in quality to the boys' varsity baseball field.

g. Any other improvements to athletics facilities not addressed in this Agreement and not including improvements to the stadium field need to be approved by the Title IX Consultant to ensure gender-equity before the improvements can be made in a timely manner.

2. Storage

a. The District will provide girls' sports with exclusive use of newly constructed wooden square storage units in the gymnasium foyer storage room comparable to the storage provided in the boys' locker room.

b. On an annual basis, the Title IX Coordinator will review the storage provided boys' and girls' teams to ensure they are gender-equitable.

3. Locker and Team Rooms

a. The District will ensure (absent circumstances outside the District's control, not including District funding) that by the end of the 2018-19 school year a comparable number and quality of lockers and team rooms are available for its female and males athletes. The District will ensure (absent circumstances outside the District's control) that by the end of the 2018-19 school year a comparable number and quality of lockers and team rooms are available for visiting female and male teams.

b. The District will ensure (absent circumstances outside the District's control, not including District funding) by the end of the 2018/19 school year that it will split the athletes' side of the boys' locker room into two equal parts for exclusive use by boys' and girls' teams as designated team rooms.

c. The District will ensure (absent circumstances outside the District's control, not including District funding) by the end of the 2018/19 school year that the lockers in the boys' and girls' locker rooms will be altered to the extent necessary to make sure that the lockers in the locker rooms are equal in number and size.

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
II. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

d. The District will ensure (absent circumstances outside the District's control, not including District funding) by the end of the 2018-19 school year that the girls' and boy's locker rooms and team rooms have the same amenities as appropriate.

e. The District will ensure (absent circumstances outside the District's control, not including District funding) by the end of the 2018-19 school year that all visiting teams (except football) will have access to use of the weight room for competitions. Appropriate privacy will be provided. Given the number of athletes on football teams, visiting football teams will have the option of using the boys' Physical Education locker room.

f. Effective immediately, the annex locker room/team room will be used by the football program from June 1st through the latter of December 1st or 7 calendar days after the last game of the football season. Girls' teams will use the annex locker room from December 2nd through the latter of May 31st or 7 calendar days after the last game of any girls' team using the annex locker room/team room with prioritization for girls' soccer's usage in the winter season and girls' softball's usage in the spring season. All sports teams and coaches of such teams will vacate the annex locker room/team room in concert with the timing described above. Access to the annex locker room includes storage for equipment during the designated time period.

g. Effective immediately, all coaches of girls' and boys' teams shall be given keys to any and all relevant locker rooms, team rooms, and restroom spaces as of the first day of practice of any given season with a log of such receipt of keys (including clearly printed names, signatures, sport, and level, and rooms to which the key(s) correspond) to evidence which coaches received such keys.

h. Effective immediately, the District will ensure that all relevant locker rooms, team rooms, and restroom spaces (appropriate for the needs of the teams that are practicing or competing) are unlocked during practices and competitions such that all female athletes can access such spaces as needed to prepare for and participate in practices/competitions.

4. Stadium Field

{00514357.DOCX}

STRUTHERS \_\_\_\_
J. BRANDT \_\_\_\_
H. BRANDT \_\_\_\_
HILL \_\_\_\_
JONES \_\_\_\_
DISTRICT \_\_\_\_

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

   a.  If the stadium field is a grass field, the District will only demark those lines for the sport of the team using the field at the time for a competition.

   b.  If the stadium is a synthetic turf field, the football field will be demarked in white, the soccer field will be demarked in a prominent color, and other sports that may use the field (e.g., lacrosse, field hockey) will be demarked in colors that are comparably evident.

   c.  The District will ensure that signage (e.g., RBHS information, sponsorships, etc.) around and on the stadium field will be gender neutral.

5.  Assignment of Practice and Competition Spaces

   a.  The District will assign all athletic spaces for practices (e.g., open gym) and competitions in a gender equitable manner, to be documented in writing, maintained by the Athletic Director, posted internally and circulated (as appropriate) to coaches.

   b.  On an annual basis, the Title IX Coordinator will review the assigning of athletic spaces for practices and competitions to ensure that the spaces are equitably assigned based on gender.

6.  Maintenance

   a.  The District will provide equitable maintenance for all facilities used by female and male athletes, and keep written maintenance schedules maintained by the Athletic Director.

   b.  On an annual basis, the Title IX Coordinator will review the athletic facilities maintenance schedules to ensure that the athletic facilities are maintained on a gender-equitable basis.

**B.  Equipment and Supplies**

1.  By the end of the 2017-18 school year and annually thereafter, the Athletic Director in consultation with the coaches of each team will conduct an inventory of uniforms, supplies (including any nutritional support provided) and equipment for every sport. The Title IX Coordinator will review the inventory on annual basis and determine if

{00514357.DOCX}

STRUTHERS \_\_\_\_
J. BRANDT \_\_\_\_
H. BRANDT \_\_\_\_
HILL \_\_\_\_
JONES \_\_\_\_
DISTRICT \_\_\_\_

there are any inequities and, if so, the District will to remedy those inequities by March 1, 2019.

2. The District will replace uniforms on a gender equitable and rotating basis. The District will develop the uniform replacement schedule within six months of the Effective Date of this Agreement. The schedule will be maintained by the Athletic Director.

3. For the start of the 2017-18 softball season, the District will provide softball program participants with home and away jerseys and pants, practice apparel and gear (including but not limited to duffel bags, visors, hats) comparable to the boys' baseball program.

## C. Medical Training Services

1. Medical services in the training room will be provided on a "first come, first served" basis. The only exceptions to this policy are that a primary priority will be given to athletes with emergency medical needs, and a secondary priority will be given to athletes who have games that day based on the timing of their travel and game time.

2. On an annual basis, the Title IX Coordinator will review the provision of medical services in the training room to ensure that its "training priority" policy is enforced consistently and in a gender-equitable manner.

3. The "training priority" policy will be posted in the training room.

4. All student trainees will be advised of the "training priority" policy.

## D. Athletic Training Services

1. The District will stock lighter weights (e.g., dumbbells and kettle bells) in the weight room.

2. Gender neutral signage (including photos and demonstrative posters) will be posted in the weight room.

3. The District will survey all coaches about their needs for the weight room. The Title IX Coordinator will assess the results of those surveys and make recommendations to remediate any gender inequity.

4. The District will provide equal white board usage for all teams in the weight room. All content on the white board will be erased after each use by a team to free such space for other athletes/coaches/teams.

5. The District will ensure equal access to the weight room for female students/athletes/coaches.

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

6. On an annual basis, the Title IX Coordinator will review the athletic training services to ensure that the services are provided on a gender-equitable basis.

## E. Coaching

1. The District will provide equitable coaching for boys' and girls' teams subject to the Education Code section 44919 and any other applicable federal and state laws.
2. On an annual basis, the Title IX Coordinator will review the assignment and qualifications of the coaches to ensure gender-equity and comparability subject to applicable federal and state laws.

## F. Publicity & Promotion

1. Starting November 1, 2017, the District will provide cheerleaders for all home games for girls' basketball and volleyball at all levels.
2. Starting November 1, 2017, the District will provide sport-specific programs for all home games for girls' basketball and volleyball at all levels.
3. Starting November 1, 2017, the District will provide the band for all home games for girls' varsity basketball games. Due to space and volume considerations, the entire band may not play at all games; however, the District will ensure that a significant percentage of the band appears for all games.
4. Starting November 1, 2017, the District will update the Red Bluff High School's (hereinafter "RBHS") official website home web page (currently rbhs.rbhsd.org) and "Athletics" web page (currently rbhs.rbhsd.org/apps/pages/index.jsp?uREC_ID=410555&type=d&pREC_ID=896186) to include pictures of male and female students on a gender- equitable basis.
5. The District will ensure gender neutral references to its athletic facilities in publicity/promotional materials except for the tennis court.
6. Effective immediately, the District will take steps to ensure gender equity in announcements, pep rallies, yearbook coverage, school newspaper coverage and placement of trophies/banners.
7. The District will ensure equity in the provision of awards, banquets, and team meals it provides to male and female athletes. The District will not need to ensure equity in the provision of meals by player

{00514357.DOCX}

STRUTHERS \_\_\_\_
J. BRANDT \_\_\_\_
H. BRANDT \_\_\_\_
HILL \_\_\_\_
JONES \_\_\_\_
DISTRICT \_\_\_\_

*T.S., et al. v. Red Bluff Joint Union High School District*
**Case No. 2:17-cv-00489**

      parents paid for by the parents' personal funds (i.e., funds from sources other than District, ASB and/or booster accounts). The District will provide cafeteria space for meals provided by player parents on an equitable basis.

8.    The District will ensure that publicity and promotion (e.g., RBHS information, sponsorships, etc.) will be gender neutral.

9.    On an annual basis, the Title IX Coordinator will review the publicity and promotion the District provides to all of its teams to ensure gender-equity and comparability.

### G. Scheduling

1.    The District will require all coaches to submit their nonleague scheduling to the Title IX coordinator.

2.    The District will publicly post all game schedules for each of its athletic teams at all levels on one or more of the RBHS "Athletics" web page(s).

3.    The District will advocate and vote for gender-equitable scheduling within the league.

4.    On an annual basis, the Title IX Coordinator will review the scheduling (regular season and non-league) provided by all of the District's athletics teams to ensure gender-equity and comparability.

### H. Fundraising Opportunities, Budgets, and Booster Club

1.    All athletics-related donations from third parties need to be approved by the Title IX Coordinator to ensure Title IX compliance before they will be accepted by the District.

2.    The District will create and implement a comprehensive policy to oversee booster club funding and any other private donations (including monetary and in-kind (e.g., non-monetary)) flowing into the athletics program. The policy will ensure that if booster clubs or other outside sources provide benefits and services to athletes of one sex that are greater than the benefits and services provided to the other sex, the District will take action to ensure that the benefits and services are equivalent for both sexes.

3.    Usage of Red Bluff High School athletics facilities by non-Red Bluff High School students, and facility use permits granted by Red Bluff High School to third party leagues and teams will be regularly monitored by the Athletic Director and/or the Title IX Coordinator to

{00514357.DOCX}

STRUTHERS _____
J. BRANDT _____
H. BRANDT _____
HILL _____
JONES _____
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

ensure such permitting and usage by third parties is gender equitable
subject to applicable federal and state laws.

4.  The District will ensure that annual training is provided to any/all
    coaches regarding Title IX fundraising requirements and District
    policies and procedures.

5.  The District will maintain annual records of expenses, budgeted and
    expended, from the District's General Fund and the Associated Student
    Body (ASB) account for each sport by gender in the athletics program.
    These records will include information about the following categories:
    equipment and supplies (including uniforms and gear), salaries and
    stipends for coaches and other athletics personnel (including medical
    and training personnel and tutors), travel/transportation, medical or
    physical fitness training, officials, game/tournament fees,
    conference/clinic costs, camps, league/conference dues, and
    awards/banquets/events and recruitment. The District will also maintain
    annual records of revenues (from all sources, including monetary and
    non-monetary contributions) to the District's General Fund and the ASB
    account for each sport by gender in the athletics program. The District
    will provide reports with this information to the Board in December,
    March, June, and September of each year.

6.  On an annual basis, the Title IX Coordinator will review the
    implementation of the policy and reporting requirements set forth in this
    Section H.

## III.   Independent Title IX Consultant

### A. Selection

The District will retain an Independent Title IX Consultant to oversee and monitor
the implementation of this Agreement. The parties shall exchange proposed
names and qualifications for the Independent Title IX Consultant within 30 days
of the Effective Date and, within 45 days, shall endeavor to agree upon a
candidate. If the parties cannot mutually agree upon an Independent Title IX
Consultant, within 60 days, then one will be selected by the Mediator with
consideration of the parties' input, except for the parties' expert(s).

### B.  Costs

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

The District will pay the Independent Title IX Consultant's costs, not to exceed $20,000 per year.

### C. Monitoring and Reporting

1. The term of the Title IX Consultant will be three years from the time a contract with the consultant is executed. If the capital improvement projects discussed above are not completed by the expiration of that term, the Title IX Consultant will continue to monitor those unfinished projects through completion. If the United States District Court for the Eastern District of California extends its jurisdiction over this matter beyond three years pursuant to Section III.C.4, the term of the Title IX Consultant will be extended consistent therewith.

2. The District will submit reports on the implementation of the Agreement, including supporting documentation, to the Title IX Consultant, with three (3) reports per year, on October 1, February 1 and May 1. Any reports submitted to the Title IX Consultant will also be submitted to the Board, the Plaintiffs, and Plaintiffs' counsel. If the Title IX Consultant determines that the District has failed to comply with the Agreement after notice to the District and an opportunity to take appropriate action to address the non-compliance, then the Title IX Consultant will inform the parties in writing of the failure to comply with the Agreement within 30 calendar days.

3. The District will permit site inspections by the Title IX Consultant with a maximum of one inspection per year.

4. The U.S. District Court for the Eastern District of CA will retain continuing jurisdiction over this matter for three (3) years from the Effective Date of this Agreement with the ability to extend jurisdiction for noncompliance. The parties will meet and confer before Plaintiffs file any motion to extend court jurisdiction.

## IV.   Other Items

### A. Reasonable Attorneys' Fees and Costs to Date

1. The District will pay the Plaintiffs' attorneys' $282,500.00 for fees and costs incurred by the Plaintiffs in connection with the underlying litigation. Payment will be made within 30 calendar days of the Effective Date of this Agreement. The District will owe no additional

{00514357.DOCX}

STRUTHERS _____
J. BRANDT _____
H. BRANDT _____
HILL _____
JONES _____
DISTRICT _____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

attorneys' fees to the Plaintiffs or their counsel in connection with the underlying litigation regardless of whether the Plaintiffs incur additional attorneys' fees and costs after this Agreement is executed, except as set forth in item 2.

2. If Plaintiffs prevail in court for an extension of jurisdiction or to enforce this Agreement, Plaintiffs shall have the right to collect from the District its reasonable costs and attorneys' fees incurred in those proceedings.

## B. Training, Policies, and Procedures

1. The District will provide Title IX training for all of its administrators (including the Athletics Director) and athletics coaches on an annual basis. The District will provide a one-time Title IX training to current members of the District's Board of Trustees (hereinafter, the "Board") at a Board meeting within six months of the Effective Date of this Agreement. Thereafter, the District will provide Title IX training to a Board member upon election within the first six months of the beginning of the term.

2. The District will not retaliate against anyone for their participation in the underlying class action lawsuit or for their Title IX advocacy on behalf of female athletes. The word "retaliation" here has the normal meaning ascribed to it in the context of a retaliation claim brought under Title IX.

3. The District will designate a Title IX Coordinator and publish the contact information of that person as required by applicable federal and state law. The District will provide training to the Title IX Coordinator.

4. The District will provide a publicly-available complaint procedure for filing a Title IX discrimination complaint. The District will post that procedure on the RBHS website.

5. The District will include any and all information required under California Education Code section 221.61 to be posted on the District's website. The District will add a section to its athletics handbook that includes a link to the RBHS website providing a description of Title IX rights.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS RELATED TO AND ARISING FROM THIS ACTION. WHEREFORE, THE PLAINTIFF HAS VOLUNTARILY EXECUTED THIS AGREEMENT ON**

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

**THE DATES SHOWN BELOW.**

Dated: _____        By: _____
                                   JERAMIE STRUTHERS on behalf of
                                   ███████████████████████ as
                                                              next
                                   friend

Dated: _____        By: _____
                                   JAMES BRANDT on behalf of ████████
                                   ████████████, as ████████████
                                   next friend

Dated: _____        By: _____
                                   JAMES BRANDT on behalf of ████████
                                   ████████████ as ████████
                                   █ next friend

Dated: _____        By: _____
                                   HAZEL BRANDT on behalf of
                                   ███████████████████████ as
                                   ██████████████████ next
                                   friend

Dated: _____        By: _____
                                   TERESA HILL on behalf of
                                   ███████████████████ as
                                   ██████████████ next
                                   friend

Dated: _____        By: _____
                                   LESLIANN JONES on behalf of
                                   ███████████████████ as

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

████████████████████next
friend

Dated: _____    By: _____

TODD BROSE, Superintendent, on
behalf of RED BLUFF JOINT UNION
HIGH SCHOOL DISTRICT

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

APPROVED AS TO FORM:

SIEGEL & YEE

_____
Daniel Siegel, Esq.
Jane Brunner, Esq.
EmilyRose Johns, Esq.
Attorneys for Plaintiffs
LEGAL AID AT WORK

_____
Elizabeth Kristen, Esq.
Kim Turner, Esq.
Attorneys for Plaintiffs

LEONE & ALBERTS

_____
Louis A. Leone, Esq.
Jimmie E. Johnson, Esq.
Attorneys for Defendant Red Bluff Joint
Union High School District

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____

*T.S., et al. v. Red Bluff Joint Union High School District*
Case No. 2:17-cv-00489

APPROVED AS TO FORM:

SIEGEL & YEE

_____
Daniel Siegel, Esq.
Jane Brunner, Esq.
EmilyRose Johns, Esq.
Attorneys for Plaintiffs
LEGAL AID AT WORK

_____
Elizabeth Kristen, Esq.
Kim Turner, Esq.
Attorneys for Plaintiffs

LEONE & ALBERTS

_____
Louis A. Leone, Esq.
Jimmie E. Johnson, Esq.
Attorneys for Defendant Red Bluff Joint
Union High School District

{00514357.DOCX}

STRUTHERS ____
J. BRANDT ____
H. BRANDT ____
HILL ____
JONES ____
DISTRICT ____